**Salem**

JERRY WHITE

v.

COMMONWEALTH OF VIRGINIA

No. 0216-85

Decided October 7, 1986

■■■■■■■■■■■■■■

COUNSEL

Lawrence L. Moise, for appellant.

M. Katharine Spong, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.** — Jerry White was convicted of possession of marijuana while a prisoner in the Washington County Jail and sentenced in accordance with the jury's verdict to serve six months in jail.[1] On appeal, White argues that the evidence was insufficient to support his conviction. We do not reach the merits of this claim, however, because White failed to renew his motion to strike the evidence after presenting witnesses on his behalf. We find that in so doing, he waived his right to challenge the sufficiency of the evidence on appeal.

White was originally arrested for being drunk in public and was taken to the Washington County Jail. A deputy sheriff found marijuana in a cigarette pack in White's front pocket. At White's request, the deputy sheriff returned the cigarette pack to White after removing the marijuana from it. White was then taken to the holding cell where he spoke with another inmate, Gregory Widener. At trial, Widener testified that White "said that he had a joint and he's going to give it to us and we's going to smoke it." A second inmate, Ronnie Harless, testified that White "pulled out a cigarette pack and pulled out about a half a joint and give it to me." The deputy sheriff observed Harless drop a marijuana cigarette on the floor of the holding cell. At the conclusion of the Commonwealth's case, White's counsel moved to strike the evidence. The court denied his motion.

White then testified on his own behalf. He stated that he did not know that any marijuana was left in the cigarette pack when he entered the holding cell. He further stated that when he saw

---

[1] White was convicted pursuant to Code § 53.1-203 which provides in pertinent part: "It shall be unlawful for a prisoner in a state, local or community correctional facility or in the custody of an employee thereof to . . . .(6) Procure, sell, secrete, or have in his possession a controlled substance classified in Schedule III of the Drug Control Act (§ 54-524.1 et seq.) or marijuana."

the marijuana, he decided to get rid of it. White also called another inmate, Alfred Honaker, to testify on his behalf. Honaker stated that he observed White alone in the holding cell that night. Honaker further related that he was not in the area of the holding cell very long, that he was just "passing through."

After resting his case, White's counsel did not renew his motion to strike the evidence. Further, after the trial was concluded, he did not move to set aside the verdict.

White argues that the evidence before the jury was insufficient to convict him. In response, the Commonwealth argues that White is procedurally barred on appeal from challenging the sufficiency of the evidence because he failed to renew his motion to strike and did not move to set aside the jury's verdict.

We find no Virginia authority which directly addresses this issue. It is well settled, however, that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case. *Spangler v. Commonwealth*, 188 Va. 436, 50 S.E. 2d 265 (1948). In *Spangler*, the Supreme Court explained the reason for this rule: "Plaintiff's case may be strengthened by defendant's evidence. If thereafter a motion is made to strike the evidence or to set aside the verdict, the court must consider the entire record in reaching its conclusion." *Id.* at 438, 50 S.E.2d at 266.

When White presented evidence on his behalf, he thereby waived his right to rely on his motion to strike which he had made at the end of the Commonwealth's case. After resting his case, White never objected to the sufficiency of the evidence. As a result, the trial court was never asked to rule on this issue based on the entire record. Had White failed to object to any other matter at trial, he would have waived his right to appellate review on that point "except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We find no reason to accord White a greater right for his failure to object to the sufficiency of the evidence after resting his case.

In *United States v. Kilcullen*, 546 F.2d 435 (1st Cir. 1976), *cert. denied*, 430 U.S. 906 (1977), the appellant attempted to contest the sufficiency of the evidence on appeal after failing to renew

his motion for acquittal at the end of his case.[2] In reaching his contention, the court explained:

> [W]e think it correct to insist that evidentiary challenges be put in the first instance to the trial judge, who is in the best position to rule on such matters; and when this is not done, the appellant must then demonstrate "clear and gross" injustice . . . or "manifest injustice" before the conviction is overturned on that ground.

*Id.* at 441.

A similar position was adopted in *United States v. Mattox*, 689 F.2d 531 (5th Cir. 1982), where the court held that because Mattox "failed to renew his motion for acquittal at the end of all the evidence, our review of its sufficiency is limited to preventing a manifest miscarriage of justice." *Id.* at 532.

A number of states have also adopted this principle of appellate review. *See Neel v. State*, 140 Ga. App. 691, 231 S.E.2d 394 (1976); *Kenney v. Maryland*, 62 Md. App. 555, 490 A.2d 738 (1985); *State v. Hamric*, 151 W. Va. 1, 151 S.E.2d 252 (1966).

█ We believe that a similar standard should apply to cases before this court. The trial court, having heard all of the evidence, is best suited to rule on its sufficiency. Our function on appeal is to review the rulings of the trial court, not to substitute our judgment for a judgment that the trial court properly should make. We do recognize, however, that on occasion, there may exist good cause or exceptional circumstances which would warrant our considering the sufficiency of the evidence even when there has been no timely objection made before the trial court. Therefore, we hold that a defendant is barred on appeal from challenging the sufficiency of the evidence when he fails to renew his motion to strike the evidence after presenting his case, unless the record demonstrates that good cause exists or that consideration of this issue would enable this court to attain the ends of justice.

---

[2] The motion for acquittal was made pursuant to Fed. R. Crim. P. 29(a) which provides in part: "The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged on the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses."

We further find that the record presented here fails to demonstrate good cause or that the ends of justice require that this court consider White's sufficiency argument. Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Coleman, J., concurred.