### Richmond

## CLYDE O. DAY, JR.

v.

## COMMONWEALTH OF VIRGINIA

No. 1603-89-2

Decided August 6, 1991

COUNSEL

John R. Maus, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On December 20, 1988, four guns were stolen from the home of Robert and LeWalter Haney in Louisa County. Later that day, the appellant, in the company of Stanley Carter, sold the guns to Charles Redmond at Redmond's home in Fluvanna County. The appellant testified that he had lent his car to Carter, and had then met Carter at Zion's Cross Roads from whence they went to the Redmond home where the guns were sold. The appellant admitted to Deputy Sheriff Bryant that he had sold the guns to Redmond for Carter and that he knew that they were "hot." He said, "Stanley Carter did give me some things to sell, things as guns . . . I did get rid of the items for him . . . the place he met me at Cross Roads and on Route 15 and Charlottesville . . ." At trial, however, appellant testified that he met Carter at Zion's Cross Roads.

Appellant was prosecuted for grand larceny of the guns. At the conclusion of the Commonwealth's evidence, the trial court amended the charge to grand larceny by receiving stolen property. At the conclusion of the Commonwealth's evidence, the appellant moved to strike the evidence on the ground that venue had not been established because the evidence did not show that he had received the property in Louisa County. This motion was denied, and the appellant presented his evidence. He did not renew the motion at the conclusion of all the evidence. Therefore, his objection to the sufficiency of the evidence to establish venue was waived. *See White v. Commonwealth*, 3 Va. App. 231, 348 S.E.2d 866 (1986).

After the jury returned its verdict finding him guilty, appellant moved that the verdict be set aside as contrary to the law and the evidence. When the trial court asked on what grounds, counsel for appellant answered, "to save the point."

Appellant contends that his conviction should be reversed because venue was not proven. However, this argument was not preserved for appeal.

The appellant's motion to strike the evidence on the ground that venue was not proven, though timely and sufficiently made, was waived by his failure to renew it at the conclusion of all the evidence. When he made his motion to set aside the verdict, there

was no identified point "to save." The motion to set aside the verdict did not state the venue question with sufficient particularity to submit that issue to the trial court. *See* Rule 5A:18. Furthermore, an objection to venue must be raised before verdict. Code § 19.2-244. The motion to set aside the verdict came too late to serve this purpose.

The judgment of the trial court is affirmed.

*Affirmed.*

Cole, J.,* concurred.

Barrow, J., concurring.

In my opinion, the appellant preserved his right to appeal his challenge of the sufficiency of the evidence of venue. However, since I am bound by the doctrine of *stare decisis*, I join in affirming the appellant's conviction.

Rule 5A:18 bars an appeal of the sufficiency of the evidence if the issue is not raised at trial. *Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). An issue is sufficiently preserved, however, if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objection to the actions of the court and his ground therefor." Code § 8.01-384; *see also Campbell*, 12 Va. App. at 480, 405 S.E.2d at 2. The appellant's motion to strike made "known to the court the action which he desire[d] the court to take . . . and his ground therefor." Thus, he complied with the statutory mandate of the action necessary to preserve an issue for appeal.

The majority relies on an opinion of another panel of this court, *White v. Commonwealth*, 3 Va. App. 231, 348 S.E.2d 866 (1986), to require that a motion to strike also be made at the conclusion of the presentation of a defendant's own evidence. *White*, in turn, relies on the opinion of the Supreme Court in *Spangler v. Commonwealth*, 188 Va. 436, 50 S.E.2d 265 (1948).

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

*Spangler*, however, does not require that a motion to strike be made at the conclusion of a criminal defendant's own evidence in order to preserve an issue of sufficiency of the evidence for appeal. Admittedly, the Court said that a defendant who presents evidence on his or her own behalf after the trial court has overruled the defendant's motion to strike, "waives his right to stand upon such motion." *Spangler*, 188 Va. at 438, 50 S.E.2d at 266. However, it made this statement in the context of holding that a court, in ruling on a motion to strike the evidence or to set aside a verdict after evidence is presented by the defendant, must consider the entire record, including the evidence presented by the defendant, in deciding whether the evidence is sufficient. *Id.* Thus, the only waiver recognized by the Court in *Spangler* was a waiver to rely only on the evidence presented by the Commonwealth, a realistic acknowledgment that neither the trial court nor the appellate court should shut its eyes to the truth. However, the Court expressed no intention to extend this ruling to a waiver of the contemporaneous objection rule.

Furthermore, even if *Spangler* can be construed as broadly as was done in *White*, such is no longer the law. Code § 8.01-384, eliminating the need for formal exceptions and declaring that stating one's objection and the ground for it at the time a court rules is sufficient to preserve an issue for appeal, was adopted in 1970, twenty-two years after the Court's ruling in *Spangler*. 1970 Va. Acts ch. 558. Thus, to the extent that *Spangler* is the law as described in *White*, it has been overruled by statute.

Finally, the "one objection" limit contained in Code § 8.01-384 accomplishes the purpose of the contemporaneous objection rule without needless technicality. The contemporaneous objection rule avoids "unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." *Campbell*, 12 Va. App. at 480, 405 S.E.2d at 7. Even though, under *Spangler*, the defendant's own evidence would be considered in an appellate review of a motion to strike made at the conclusion of the Commonwealth's evidence, "it would be a useless technicality to hold that the failure of the defendant's attorney to renew his motion to strike at the conclusion of his own evidence barred this appeal." *Id.*

This panel, however, is bound by the decision in *White* by virtue of the rule of *stare decisis. Commonwealth v. Burns*, 240 Va. 171,

173-74, 395 S.E.2d 456, 457 (1990). Only if a panel decision contains a "flagrant error or mistake," may it be corrected, and, then, only "through the en banc hearing process." *Id.* at 174, 395 S.E.2d at 457.[1]

Therefore, even though I am of the opinion that the appellant adequately preserved the issue of sufficiency of the evidence for appeal, I am constrained by *stare decisis* to join in affirming the judgment of conviction.

---

[1] Application of the rule of *stare decisis* in this manner effectively negates that part of Code § 17-116.02(D)(ii) relating to panels in conflict. Instead of three judges of the court, one member of the panel and two others, initiating an *en banc* hearing because of a conflict between panel decisions, *stare decisis* eliminates the possibly of a conflict and requires, as a result, that a majority of the court decide to hear a case *en banc* in order to correct an erroneous decision of a panel. *See* Code § 17-116.02(D)(ii).