COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
               Koontz,[*] Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


MARK ALEXANDER McQUINN

v.        Record No. 1902-92-2              OPINION
                                          PER CURIAM
COMMONWEALTH OF VIRGINIA                 AUGUST 29, 1995


UPON REHEARING EN BANC


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jose R. Davila, Jr., Judge

H. Pratt Cook, III (Robert G. Cabell, Jr., on
brief), for appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


By opinion dated December 13, 1994, 19 Va. App. 418, 451
S.E.2d 704 (1994), a panel of this Court affirmed Mark Alexander
McQuinn's convictions of conspiracy to commit robbery and
attempted robbery.  We granted the Commonwealth's and McQuinn's
petitions for rehearing en banc and stayed the mandate of that
decision.  Upon rehearing en banc, for the reasons set forth in
Judge Cole's concurrence and dissent, 19 Va. App. at 428, 451
S.E.2d at 709, we affirm the judgment of the trial court.

At the conclusion of the presentation of the Commonwealth's
evidence, McQuinn moved the trial court to strike the evidence on

[*]Justice Koontz participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

the ground that it was insufficient to prove the charges against him.  The trial court denied that motion and McQuinn presented evidence.  He did not renew his motion to strike at the conclusion of all the evidence.

McQuinn contends on appeal that the trial court erred in denying his motion to strike the evidence and that the evidence was insufficient to support his convictions.  We hold that by presenting evidence, McQuinn waived his motion to strike the evidence and that by failing to present the sufficiency issue to the trial court in the context of all the evidence, he failed to preserve that issue for appeal.

> No ruling of the trial court . . . will be considered
> as a basis for reversal unless the objection was stated
> together with the grounds therefor at the time of the
> ruling, except for good cause shown or to enable the
> Court of Appeals to attain the ends of justice.

Rule 5A:18.  The conclusiveness of the proof renders this case inappropriate for invocation of the good cause and ends of justice exception to the applicability of this rule.

In White v. Commonwealth, 3 Va. App. 231, 348 S.E.2d 866 (1986), we said:

> [W]hen a defendant elects to present evidence on his
> behalf, he waives the right to stand on his motion to
> strike the evidence made at the conclusion of the
> Commonwealth's case.  Spangler v. Commonwealth, 188 Va.
> 436, 50 S.E.2d 265 (1948).  In Spangler, the Supreme
> Court explained the reason for this rule:  "Plaintiff's
> case may be strengthened by defendant's evidence.  If
> thereafter a motion is made to strike the evidence or
> to set aside the verdict, the court must consider the
> entire record in reaching its conclusion."  Id. at 438,
> 50 S.E.2d at 266.

When White presented evidence in his behalf, he thereby

waived his right to rely on his motion to strike which
he had made at the end of the Commonwealth's case.
After resting his case, White never objected to the
sufficiency of the evidence. As a result, the trial
court was never asked to rule on this issue based on
the entire record.

Id. at 233, 348 S.E.2d at 867.
[W]e hold that a defendant is barred on appeal from
challenging the sufficiency of the evidence when he
fails to renew his motion to strike the evidence after
presenting his case.

Id. at 234, 348 S.E.2d at 868. We reaffirmed this holding in Day
v. Commonwealth, 12 Va. App. 1078, 1079, 407 S.E.2d 52, 53
(1991).

McQuinn relies on the 1992 amendment of Code § 8.01-384(A),
which added the following sentence:
No party, after having made an objection or motion
known to the court, shall be required to make such
objection or motion again in order to preserve his
right to appeal, challenge, or move for reconsideration
of a ruling, order, or action of the court.

He argues that this statutory amendment repealed the holdings of
Spangler, White, and Day, causing his motion to strike, made at
the conclusion of the Commonwealth's evidence, to preserve that
issue sufficiently for appeal and eliminating the requirement of
renewal at the conclusion of all the evidence. We disagree.

1992 Acts of Assembly, Chapter 564, which enacted the
statutory change upon which McQuinn relies, provided in pertinent
part:
2. That the provisions of this Act are declaratory of
existing law.

The legislature is presumed to know the decisions of the

appellate courts of the Commonwealth and to acquiesce therein unless it countermands them explicitly. <u>Burns v. Board of Supervisors of Stafford County</u>, 227 Va. 354, 360, 315 S.E.2d 856, 860 (1984). The doctrine of <u>Spangler</u>, <u>White</u>, and <u>Day</u>, based on the concept of waiver, was firmly in place prior to the 1992 amendment to Code § 8.01-384(A). The 1992 statutory amendment did not address waiver and did not explicitly overrule the holdings of <u>Spangler</u>, <u>White</u>, and <u>Day</u>.

<u>Spangler</u>, <u>White</u>, and <u>Day</u> state plainly the reason for their holding. A motion to strike, made at the conclusion of the Commonwealth's evidence, addresses the sufficiency of proof within the context of that evidence. If the accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence. Thus, the original motion to strike is no longer applicable because it addresses a superseded context. If the accused intends to present the issue of sufficiency to the trial court at the conclusion of all the evidence, he must do so by new or renewed motion, made in the context of all the evidence.

McQuinn failed to present the sufficiency issue to the trial court in a context upon which it could rule and thereby failed to preserve that issue for appeal.

The judgment of the trial court is affirmed.

<u>Affirmed</u>.

Elder, J., concurring.

I would hold that we are not procedurally barred from addressing the sufficiency of the evidence issue. Having reached the sufficiency issue, I would hold that the evidence is sufficient to support the convictions. I do so for the reasons stated in Judge Barrow's panel opinion at 19 Va. App. 418, 451 S.E.2d 704 (1994).

BENTON, J., dissenting.


For the reasons stated in the portion of the previous panel decision titled "Preservation of the Issue on Appeal," see McQuinn v. Commonwealth, 19 Va. App. 418, 420-23, 451 S.E.2d 704, 705-06 (1994), I would hold that McQuinn properly preserved for appeal the issue whether the evidence was sufficient to support the convictions.  In addition, and for the reasons stated in my concurring and dissenting opinion, see id. at 425-32, 451 S.E.2d at 708-09 (Benton, J., concurring and dissenting), I would hold that the evidence was insufficient to prove beyond a reasonable doubt the elements of the offense.  Therefore, I would reverse the convictions.