COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


CALVIN LEE BLAND

v.          Record No. 2065-94-1     MEMORANDUM OPINION[*] BY
                                JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA              DECEMBER 12, 1995


         FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                    Randolph T. West, Judge


          George B. Pavek III, for appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Following a jury trial on August 22, 1994, the appellant,

Calvin Lee Bland ("Bland"), was convicted of second degree murder

and the use of a firearm in the commission of a felony.  He was

thereafter sentenced to forty years imprisonment for the murder

and three years for the firearm offense.  On appeal, Bland argues

(1) that the evidence was insufficient to convict him of second

degree murder; and (2) that the trial court erred, failing to

instruct the jury on the elements of involuntary manslaughter.

     Bland contends for the first time on appeal that his

conviction was contrary to the evidence.  Bland failed to move

the trial court to strike the evidence either after the

Commonwealth concluded its case or after Bland concluded his, nor

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

did Bland move the court to set aside the verdict. Accordingly, Bland is barred from raising his sufficiency of evidence claim on appeal. See Parnell v. Commonwealth, 15 Va. App. 342, 349, 423 S.E.2d 834, 838-39 (1992); McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 625 (1995).

Furthermore, Bland failed to object to the instruction of the court which omitted involuntary manslaughter as an alternative finding the jury could make. Rule 5A:18 bars this Court from reviewing objections which a party fails to make on time, when the occasion arises. Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Bland urges the Court to apply the ends of justice exception to Rule 5A:18 and to consider the issue on appeal despite his failure to object. However, the "ends of justice" exception to Rule 5A:18 applies only when the record "affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage might have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

Here, the jury was properly instructed that malice is the state of mind which results in the intentional doing of a wrongful act to another without justification and that malice can be inferred from the deliberate use of a deadly weapon. The evidence is undisputed that Bland shot an unarmed man from close range with a high caliber weapon after which he fled the scene and hid the murder weapon. As such, even if failing to give an

involuntary manslaughter instruction was erroneous, the record does not affirmatively show that a miscarriage of justice occurred.  The evidence was sufficient to convict Bland of second degree murder beyond a reasonable doubt.

Accordingly, Bland's convictions are affirmed.

<u>Affirmed.</u>