COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Fitzpatrick
Argued at Richmond, Virginia


JESSIE LEE BLACKWELL, s/k/a
 JESSE LEE BLACKWELL

v.         Record No. 1992-94-2     MEMORANDUM OPINION[*]
                                  BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA              JANUARY 23, 1996


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  William R. Shelton, Judge

          A.R. Bowles, IV (Bowles and Bowles, on brief),
          for appellant.

          Steven A. Witmer, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          Robert B. Condon, Assistant Attorney General,
          on brief), for appellee.


     Jessie Lee Blackwell was convicted in a bench trial of
statutory burglary.  Blackwell contends that the evidence was
insufficient to sustain the conviction.  Because the defendant
failed to preserve the sufficiency of the evidence issue for
appeal in accordance with Rule 5A:18, we do not address the
merits of the issue.  Accordingly, we affirm the conviction.
     At the close of the Commonwealth's case, counsel for the
codefendant moved to "strike all the evidence," and counsel for
the defendant adopted this motion on behalf of the defendant.
The trial court overruled the motion with respect to the breaking
and entering charge.

_____
     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Each defendant testified on his own behalf, but neither renewed the motion to strike at the conclusion of the case. However, counsel for the codefendant, arguing that the evidence did not show that the codefendant had any knowledge of the stolen check, moved "the Court to set aside its decision and consider the evidence as to [the codefendant]." Counsel for the defendant did not adopt this motion or make a separate motion to set aside the verdict.

"[W]hen a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case." McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 625 (1995) (en banc) (quoting White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986)). Here, the defendant took the stand on his own behalf. He did not move or renew the motion to strike the evidence at the conclusion of the case or argue that the evidence was insufficient as to the statutory burglary charge, see Lewis v. Commonwealth, 8 Va. App. 574, 383 S.E.2d 736 (1989), or join in or adopt the codefendant's motion to set aside the verdict. Accordingly, the defendant failed to preserve the sufficiency of the evidence question for appeal.

Rule 5A:18 shall not bar consideration of an issue on appeal "for good cause shown or to enable [this Court] to attain the ends of justice." Rule 5A:18. In the present case, no good cause has been shown that prevented the defendant from moving to

strike the evidence at the conclusion of his case, or from moving to set aside the verdict.  Moreover, we do not find it necessary to consider the issue in order to attain the ends of justice. See McQuinn, 20 Va. App. at 755, 460 S.E.2d at 625.

We affirm the defendant's conviction.

Affirmed.