COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MELVIN RAY GILL
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0334-96-3   CHIEF JUDGE NORMAN K. MOON
                                        FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                       B. A. Davis, III, Judge

           Mary E. Harkins for appellant.

           (James S. Gilmore, III, Attorney General;
           Kimberley A. Whittle, Assistant Attorney
           General, on brief), for appellee.


     Melvin Ray Gill appeals his conviction for attempted
malicious wounding of a law enforcement officer in violation of
Code § 18.2-51.1.  Gill argues the evidence was insufficient to
prove he had the intent to maliciously wound a law enforcement
officer.  For the reasons that follow, we affirm.

     On August 6, 1995, Officer F. W. Hodges of the Rocky Mount
Police Department observed a large crowd of people congregating
on a street.  Suspecting criminal activity, Hodges followed the
group as it moved toward a nearby car wash.  Hodges concealed
himself in woods near the car wash and watched as a second group
of people approached, and a dispute began between the two groups.
 Hodges heard bottles being broken and gunshots, at which point
he ran into the crowd, identifying himself as a police officer.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Hodges was dressed in a "raid shirt," which had the letters "POLICE" emblazoned on it in large letters.

Upon Hodges' arrival, the crowd scattered, and Hodges observed an individual holding his hand under his shirt as he ran. Believing that the person might have been responsible for the gunshots, Hodges pursued him. As he did so he noticed Gill running to his left. Hodges observed Gill turn and throw a cinder block at Hodges, missing him by three feet. Hodges had a clear view of Gill's face and made eye contact with him before he hurled the cinder block.

Gill fled into a nearby house with three other people. Additional police arrived, and Gill was arrested as he exited the house. Gill apologized to Hodges for throwing the cinder block and stated that he had not been aiming at Hodges.

At trial, Gill denied ever having held or thrown a cinder block. His counsel moved to strike the evidence as being insufficient to prove that Gill had thrown a cinder block at Hodges and insufficient to prove that Gill would have been aware that Hodges was a police officer or that Hodges was engaged in the performance of his official duties.

On appeal, Gill does not argue these original objections, but instead, for the first time, raises the argument that the evidence was insufficient to prove he had the intent to maliciously wound a law enforcement officer. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together

with the grounds therefor at the time of the ruling . . . ." McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 626 (1995) (en banc). Rule 5A:18 bars Gill from raising a new argument on appeal except for good cause shown or to meet the ends of justice.

The record establishes that when Hodges intervened during the altercation, Hodges was wearing a "raid shirt" which was emblazoned with large "POLICE" letters. Hodges also testified that when he entered the foray, he announced that he was a police officer. The record also contains evidence that Hodges had a clear view of Gill's face and made eye contact with him prior to Gill throwing the cinder block, which came within three feet of striking Hodges. The record also indicates that Gill apologized to Hodges for throwing the cinder block.

Because the record does not show any obvious miscarriage of justice, neither the ends of justice nor good cause permit waiver of the Rule 5A:18 bar. Commonwealth v. Mounce, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). Accordingly, we do not reach the only issue raised by Gill on brief and accordingly affirm.

Affirmed.