COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


ARTHUR MIDDLETON SMITH

                                      MEMORANDUM OPINION[*] BY
v.   Record No. 0330-00-4              JUDGE NELSON T. OVERTON
                                          FEBRUARY 27, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                     Ann Hunter Simpson, Judge

           David B. Hargett (Morrissey & Hershner,
           P.L.C., on brief), for appellant.

           Shelly R. James, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Arthur Middleton Smith (appellant) appeals from a judgment of

the Circuit Court of Stafford County convicting him of obstructing

justice and two counts of assaulting a law enforcement officer.

Appellant contends his convictions should be reversed because he

was merely using reasonable force to resist an unlawful arrest.

Because appellant did not preserve the issue of the sufficiency of

the evidence for appeal, we affirm his convictions.

     Appellant was charged after he resisted being arrested for

allegedly being drunk in public.  After the Commonwealth rested,

appellant moved to strike the evidence on the ground that the

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

arrest was unlawful, that he therefore had the right to exercise reasonable force to resist the unlawful arrest, and that his actions in resisting the unlawful arrest had not been unreasonable. Appellant did not specifically challenge the sufficiency of the evidence tending to prove that he had obstructed justice.

The trial court denied appellant's motion, and appellant thereafter presented evidence. Upon resting, appellant did not renew his motion to strike. He also did not move to set aside the jury's verdict after the jury found him guilty on all three counts.

In a jury trial, the defendant must make a motion to strike at the conclusion of all the evidence, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence. McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (en banc); McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987). A defendant does not preserve the sufficiency of the evidence for appeal merely by raising the issue in his closing arguments to the jury. "[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991).

-

Appellant did not renew his motion to strike at the close of all the evidence or move to set aside the jury's verdict. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

The judgment of the trial court is affirmed.

Affirmed.