COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


MOSES VERNON SIMPKINS

MEMORANDUM OPINION[*] BY
v.     Record No. 1086-00-1          JUDGE RICHARD S. BRAY
                                       MARCH 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Junius P. Fulton, III, Judge

(Michael F. Fasanaro, Jr.; Abrons, Fasanaro &
Sceviour, P.L.L.C., on brief), for appellant.
Appellant submitting on brief.

Donald E. Jeffrey, III, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


     Moses Vernon Simpkins (defendant) was convicted in a bench

trial for possession of a concealed weapon in violation of Code

§ 18.2-308.  On appeal, he complains the trial court erroneously

overruled his motion to strike the evidence at the conclusion of

the Commonwealth's case.  However, because defendant failed to

renew the motion after testifying on his own behalf, we decline to

consider the merits of the appeal.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.

At trial, the Commonwealth presented the testimony of the arresting officers, offered the offending weapon into evidence and rested.  Defendant then "move[d] to strike and ask[ed] the [c]ourt to make a determination if the weapon [fell] within the purview of the statute."  Finding the weapon was "in fact, a bowie knife," proscribed by Code § 18.2-308, the court overruled the motion.  Defendant then presented evidence in his defense and rested, without renewing a motion to strike or thereafter moving the court to set aside the judgment of guilty.

## II.

"It is well settled . . . that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case."  White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 868 (1986).  This principle recognizes that, when "an accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence.  Thus, the original motion to strike is no longer applicable because it addresses a superseded context."  McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995).

Accordingly, by presenting evidence following his initial motion to strike, defendant clearly waived reliance upon such

-

motion to challenge the sufficiency of the evidence, and we will not address his related assignment of error, absent "good cause shown to enable [us] to attain the ends of justice."  Rule 5A:18.  To invoke the ends of justice exception, defendant "must demonstrate that he . . . was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur," circumstances neither asserted by defendant nor present on the instant record.  Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 273 (1997).

Thus, we affirm the conviction.

Affirmed.

-