COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


MARK TODD SHOWALTER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2224-00-3          JUDGE ROBERT J. HUMPHREYS
                                       NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                        Ray W. Grubbs, Judge


              (Tracy Neyhart; Long, Long & Kellerman, P.C.,
              on brief), for appellant.

              Robert H. Anderson, III, Senior Assistant
              Attorney General (Randolph A. Beales,
              Attorney General, on brief), for appellee.


     Mark Todd Showalter appeals his convictions, after a bench

trial, for breaking and entering and attempted rape.  Showalter

contends that the trial court erred in ordering him to appear

without counsel during a pretrial hearing.

     Showalter was arrested for the charges at issue on July 21,

1998.[1]  On July 22, 1998, Showalter signed a form requesting the

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Showalter was also arrested on separate charges of
sodomy, attempted sodomy, two counts of rape, statutory
burglary, abduction with intent to defile, and attempted object
sexual penetration, involving a different victim.  Many of the
pretrial proceedings addressed issues concerning both the
charges at issue, as well as these separate charges.  However,
Showalter was arraigned and tried on the separate charges in a

appointment of counsel. As a result, the court appointed Christopher A. Tuck to represent him. On September 28, 1998, Tuck moved to withdraw as defense counsel, stating that Showalter had refused to cooperate in his defense. Consequently, William H. Yongue, IV, was appointed as Showalter's new counsel. On December 2, 1998, Eric P. Frith was appointed as co-counsel for Showalter.

On February 4, 1999, Yongue filed a motion for substitute counsel stating that Showalter had expressed dissatisfaction with his services. Then, in February of 1999, Showalter filed several motions on his own behalf, informing the trial court of his dissatisfaction with his attorneys' services and requesting the appointment of new counsel.

On March 12, 1999, the court conducted the preliminary hearing on these charges. At the beginning of the hearing, the court denied Showalter's motion for new counsel on the basis that it had granted Showalter's earlier request. On September 22, 1999, Showalter filed a motion with the court requesting permission to represent himself in both the current proceedings, as well as the companion proceedings against him. Showalter also filed a number of documents pro se during the months of September and October of 1999.

---

different proceeding. Showalter has filed a separate appeal concerning his convictions in the companion proceeding. See Showalter v. Commonwealth, Record No. 1718-00-3 (Memorandum Opinion, this day decided).

-

On October 14, 1999, Showalter wrote a letter to Yongue and Frith informing them that he no longer wished for them to serve as counsel in his case, and that they were "fired." Showalter noted in the letter "I will proceed, pro se defense, and you are relieved completely from representing I [sic]." On October 22, 1999, the court conducted a hearing on Showalter's motion to proceed pro se. Showalter and each of his attorneys were present at the hearing. During the hearing, Showalter again insisted that he be allowed to proceed pro se. However, after some discussion with Showalter concerning the seriousness and complexity of the charges, the trial court denied his motion to proceed pro se.

Subsequently, on October 28, 1999, the trial judge had Showalter brought before the court without notice to counsel, who were not present. The trial judge began by stating,

> Mr. Showalter, I had the Sheriff's Department bring you over just for a moment because I wanted to be absolutely sure that you understand how serious the charges are against you, and I understand that you do not want any attorney to represent you, I understand that. We went through that the other day.
>
> *       *       *       *       *       *       *
>
> But due to the complexity of the charges against you and the complications and expertise that is needed to adequately defend you, as I told you the other day, I feel like you need the help of an attorney. They're [sic] highly complex technical matters. I'm not going to force you to seek their advice. I am going to have them on stand-by and I will have them present in the Courtroom and I will have them available to

-

> you at all times between now and your trial
> date, should you so wish to, to use them and
> I can't suggest strongly enough that you
> should, but I can't make you do it and I'm
> not going to make you do it.

In response, Showalter replied, "yes," but indicated that he could not properly represent himself if he remained handcuffed. The trial judge agreed to take Showalter's request to remove the handcuffs under advisement. Thereafter, Showalter acted pro se, with stand-by counsel.

On March 14, 2000, Showalter was tried on these charges. At the beginning of the trial, Showalter informed the trial judge that he had changed his mind and wished to have Frith represent him and that he wished to proceed with a bench trial, instead of a jury trial. The matter proceeded as Showalter requested, and he was ultimately convicted of the charges.

On appeal, Showalter contends that the trial judge denied him his Sixth Amendment right to counsel when he had Showalter brought before the court, without counsel, on October 28, 1999. Specifically, Showalter asserts that the trial court denied his motion to represent himself during the October 22, 1999 pretrial hearing. Thus, he contends that the trial court violated his right to counsel during the October 28, 1999 hearing by failing to notify his counsel of record of the proceeding.

We note that regardless of whether Showalter was properly representing himself during the October 28, 1999 hearing, or whether he was represented by counsel, he has failed to

-

demonstrate on appeal that either he, or his counsel, raised an objection of this nature below. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." See also McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 626 (1995) (en banc).

> "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals. In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding."

Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). We have repeatedly stated that we will not consider the merits of an argument made for the first time on appeal. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991). Further, "we will not search the record for errors in order to interpret the appellant's contention [on appeal] and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Thus, this issue is not properly before this Court and is barred from our consideration pursuant to Rule 5A:18. See Rule 5A:18; see also Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d

-

438, 441 (1991) (noting this procedural bar applies even to defendant's constitutional claims).

However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not properly objected to at trial "for good cause shown or to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Michaels v. Commonwealth, 32 Va. App. 601, 608, 529 S.E.2d 822, 826 (2000) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272).

Our review of the record here reveals no such good cause or miscarriage of justice under the circumstances of this case. Thus, we decline to invoke the exception and affirm the convictions.

Affirmed.

-