COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Salem, Virginia


MARK TODD SHOWALTER

MEMORANDUM OPINION* BY
v.     Record No. 1718-00-3          JUDGE ROBERT J. HUMPHREYS
                                      NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Ray W. Grubbs, Judge

Randolph D. Eley, Jr., for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Randolph A. Beales,
Attorney General, on brief), for appellee.


Mark Todd Showalter appeals his convictions, after a jury

trial, for abduction, sodomy, attempted sodomy, and two counts

of rape. Showalter contends that the trial court erred in

finding that he unequivocally asserted his right to represent

himself in the proceedings, in ordering him to appear without

counsel during a pretrial hearing, and in ordering that he be

shackled and gagged during sentencing proceedings. Because

Showalter did not properly preserve these issues for appeal, we

will not consider them as a basis for reversal and affirm the

judgment of the trial court.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I.  Background

Showalter was arrested on July 21, 1998 on charges of abduction, sodomy, attempted sodomy, and two counts of rape.[1] On January 28, 1999, Showalter signed a form requesting the appointment of counsel.  As a result, the court appointed Raphael B. Hartley, III, to represent him.

However, on September 22, 1999, Showalter filed a motion with the court requesting permission to represent himself in both the proceedings involved in this appeal, as well as the companion proceedings against him.  Showalter also filed a number of documents pro se during the months of September and October of 1999.  On October 14, 1999, Showalter wrote a letter to Hartley informing him that he no longer wished for Hartley to serve as counsel in his case and that Hartley was "fired." Showalter noted in the letter, "I will proceed, pro se defense, and you are relieved completely from representing I [sic]."

On October 22, 1999, the court conducted a hearing on Showalter's motion to proceed pro se.  Showalter and his attorneys for both matters were present.  During the hearing, Showalter

---

[1] Showalter was also arrested on other charges.  Those charges were breaking and entering with the intent to commit rape and attempted rape, involving a different victim.  Many of the pretrial proceedings addressed issues concerning both the charges at issue, as well as these separate charges.  However, Showalter was arraigned, tried and convicted on the separate charges in a different proceeding.  Showalter has filed a separate appeal concerning the convictions resulting from this companion proceeding.  See Showalter v. Commonwealth, Record No. 2224-00-3 (Memorandum opinion, this day decided).

again insisted that he be allowed to proceed <u>pro</u> <u>se</u>.  However, after some discussion with Showalter concerning the seriousness and complexity of the charges, the trial court denied his motion to proceed <u>pro</u> <u>se</u>.

Subsequently, on October 28, 1999, the trial judge had Showalter brought before the court without notice to counsel, who were not present.  The trial judge began by stating

> Mr. Showalter, I had the Sheriff's Department bring you over just for a moment because I wanted to be absolutely sure that you understand how serious the charges are against you, and I understand that you do not want any attorney to represent you, I understand that.  We went through that the other day.
>
>  *       *       *       *       *       *       *
>
> But due to the complexity of the charges against you and the complications and expertise that is needed to adequately defend you, as I told you the other day, I feel like you need the help of an attorney. They're [sic] highly complex technical matters.  I'm not going to force you to seek their advice.  I am going to have them on stand-by and I will have them present in the Courtroom and I will have them available to you at all times between now and your trial date, should you so wish to, to use them and I can't suggest strongly enough that you should, but I can't make you do it and I'm not going to make you do it.

In response, Showalter replied, "yes," but indicated that he could not properly represent himself if he remained handcuffed. The trial judge agreed to take Showalter's request to remove the handcuffs under advisement.

-

Thereafter, Showalter acted pro se during two proceedings in November of 1999, three in January of 2000, as well as a proceeding on March 7, 2000. In addition, Showalter filed a number of pretrial motions and letters with the court on his own behalf during that time. At least one stand-by counsel appeared during each of these pretrial hearings. During many of these proceedings, the trial judge reiterated his concerns to Showalter about his self-representation and confirmed Showalter's resolve to continue on his own behalf.

On March 20, 2000, the trial judge once again had Showalter brought before the court, apparently without stand-by counsel, to determine yet again whether Showalter wished to continue pro se. The trial judge restated his concerns to Showalter and then asked him if he still wished to proceed pro se, and if he still wished to be tried by a jury. However, Showalter did not give the trial judge a clear response. Instead, he raised a number of complaints concerning discovery matters. Showalter ultimately stated, "In order for me to have received the four (4) elements of my discovery motion, which [the Commonwealth's Attorney] failed to do and you failed and the low court failed, then I have all of the right in the world to object to answer that until they disclose it." The trial judge responded that he would "assume based upon [his] answers that [he] still wish[ed] to proceed without representation." The trial judge also stated that since the Commonwealth had requested a jury, the issue of whether Showalter

-

wished to waive the jury was moot.  Showalter responded that he could not "represent [himself] in front of a jury."  The trial judge reminded him that Hartley would serve as stand-by counsel, to which Showalter replied, "Attorney on stand-by I can show that is corrupt within the system [sic]."

Showalter was subsequently tried, with stand-by counsel present, on March 29 and 30, 2000.  During the trial, Showalter consulted his stand-by counsel on several occasions, at the court's urging.  He also cross-examined the Commonwealth's witnesses and called witnesses on his own behalf.  The jury ultimately convicted Showalter on each of the charges.

During the penalty phase of the trial, Showalter was consistently disruptive, as he had been during the trial itself.[2] Further, he consistently disobeyed orders from the trial judge concerning his conduct.  When the Commonwealth attempted to make its closing argument, Showalter continued to be disruptive.  The trial judge warned him once again that if he said "one more word . . . [he would] be gagged."  Showalter responded, "You do what you got to do."  The trial judge then ordered, "Gag the defendant, please."

---

[2] For example, Showalter repeatedly interrupted witnesses during their testimony, including the victim.  He also assaulted police officers outside of the courtroom, apparently on more than one occasion.  In light of this, he was often restrained during the proceedings at issue.  Moreover, after the trial judge handed down his sentence, Showalter stated, "I will stand up after the son-of-a-bitch leaves."

-

At that time, the trial judge excused the jury and Showalter was forcefully removed from the courtroom after a "physical outburst." When Showalter was returned to the courtroom, he remained restrained in his chair and gagged during the remainder of the proceeding. The trial judge stated for the record that it had "bound Mr. Showalter for his repeated interruptions and disallowing the Commonwealth to conclude their argument as well as other statements made after the Court had advised him to please remain quiet until such time as he had a chance to testify if, in fact, he chose to do so." The jury ultimately recommended the maximum sentence on each of the charges.

## II. Sixth Amendment Right to Counsel

On appeal, Showalter argues that the trial judge denied him his Sixth Amendment right to counsel when he had him brought before the court, without counsel, on October 28, 1999. Specifically, Showalter asserts that the trial court denied his motion to represent himself during the October 22, 1999 pretrial hearing. Thus, he contends that the trial court violated his right to counsel during the October 28, 1999 hearing by failing to notify his counsel of the proceeding.

We first note that regardless of whether Showalter was properly representing himself during the October 28, 1999 hearing, or whether he was represented by counsel, he has failed to demonstrate on appeal that either he, or his counsel, raised

-

an objection of this nature below.  Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ."  See also McQuinn v. Commonwealth, 20 Va. App. 753, 755, 460 S.E.2d 624, 626 (1995) (en banc).

> "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.  In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding."

Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).  We have repeatedly stated that we will not consider the merits of an argument made for the first time on appeal.  See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).  Further, "we will not search the record for errors in order to interpret the appellant's contention [on appeal] and correct deficiencies in a brief."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Thus, this issue is barred from our consideration pursuant to Rule 5A:18.  See Rule 5A:18; see also Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (noting this procedural bar applies even to defendant's constitutional claims).

-

However, Rule 5A:18 provides for consideration of a ruling by the trial court that was not properly objected to at trial "for good cause shown or to enable the Court of Appeals to attain the ends of justice."  "'The ends of justice exception is narrow and is to be used sparingly'" when an error at trial is "'clear, substantial and material.'"  Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)).  "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Michaels v. Commonwealth, 32 Va. App. 601, 608, 529 S.E.2d 822, 826 (2000) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 272).  Our review of the record here reveals no such good cause or miscarriage of justice under the circumstances of this case. Thus, we decline to invoke the exception.

### III.  Revocation of Pro Se Representation

Showalter next contends that the trial judge erred in finding that he clearly and unequivocally waived his Sixth Amendment right to representation.  Showalter contends that he revoked his waiver of representation on March 20, 2000, when he informed the court that he was not able to represent himself in front of a jury.

-

Once again, however, Showalter has failed to demonstrate on appeal that either he, or his stand-by counsel, raised an objection of this nature below.  Thus, this issue is not properly before us and is also barred pursuant to Rule 5A:18, unless Showalter can demonstrate good cause or an affirmative miscarriage of justice.  See Rule 5A:18; see also Michaels, 32 Va. App. at 608, 529 S.E.2d at 826.[3]  We once again find no good cause or affirmative miscarriage of justice demonstrated in the record and decline to invoke the exception to Rule 5A:18.

## IV.  Restraint Before the Jury

Finally, Showalter contends that the trial judge erred in forcing him to appear "bound and gagged before the jury during the Commonwealth's remarks pertaining to sentencing . . . ."  Notably, Showalter concedes that his "conduct may have warranted

---

[3]  We note that on appeal, Showalter refers only to his colloquy with the judge on March 20, 2000 as a basis for his claim for error.  However, Showalter also filed a motion for continuance with the court on November 22, 1999, requesting "time to search for an attorney that he may be able to hire," noting that he was dissatisfied with the present counsel appointed to him.  In addition, Showalter filed a motion styled as a "Motion to Receive Effective Assistance of Counsel And to Receive My Sixth Amendment Guarantee to the Right Towards the Criminal Prosecution in Case Number: CR99015448-00 to -06," on March 29, 2000, the day of his trial.  However, both motions address only Showalter's desire for an alternative to the counsel then serving in a stand-by capacity.  Neither motion preserves any error with regard to Showalter's claim that he revoked his earlier demand to proceed pro se, nor do the motions or the trial court's related rulings demonstrate good cause or an affirmative miscarriage of justice to warrant the exception to Rule 5A:18.

-

the court's order for restraint," but argues that his conduct did not serve to "legitimize the cloud of prejudice created by placing him in front of the jury."  However, Showalter also concedes that neither he, nor his stand-by counsel, raised any objection to the court's action in this regard during the proceedings below.  Thus, this issue is also barred from our consideration absent a showing of good cause or an affirmative miscarriage of justice.  See Rule 5A:18; see also Michaels, 32 Va. App. at 608, 529 S.E.2d at 826.  Under the circumstances of this case, we once again find no good cause or affirmative miscarriage of justice and decline to invoke the ends of justice exception to Rule 5A:18.

Finding no reason to merit the invocation of the ends of justice exception with respect to any of the questions presented, we decline to review them further and affirm Showalter's convictions.

Affirmed.