COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


MICHAEL HOWARD TRAVIS RAMSEY
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1732-03-2              JUDGE RUDOLPH BUMGARDNER, III
                                                            JUNE 29, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HANOVER COUNTY
                              John R. Alderman, Judge

              (Russell E. Allen) (Nina K. Peace, on brief), for appellant.
              Appellant submitting on brief.

              (Jerry W. Kilgore, Attorney General; Steven A. Witmer,
              Assistant Attorney General; on brief), for appellee.
              Appellee submitting on brief.


       Michael Howard Travis Ramsey appeals the revocation of his suspended sentence.  He

contends the evidence was insufficient to establish a violation of probation because he was never

instructed to report to a probation officer and never received instructions on the terms of

probation.  Finding the defendant failed to preserve this issue for appeal, we affirm.

       The defendant was convicted in Hanover County of possession of cocaine and sentenced

to three years in prison suspended on condition of serving three months in jail and being on

supervised probation.  The probation officer never made contact with the defendant after his

sentencing.  The defendant served his jail sentence but then was incarcerated in the Richmond

jail.  Upon his release from that jail, the defendant contacted the Richmond probation office.  He

claims he was told the case would be transferred to Hanover County after a probation officer was

_____

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

appointed for him in that jurisdiction. The defendant claims no officer was appointed, and he never contacted the Hanover County probation office on his own.

At the revocation hearing, the defendant moved to strike the evidence on the ground that he had never been given probation instructions. After the trial court denied that motion, the defendant presented evidence and testified himself. He did not renew his motion to strike after he presented his evidence, and his closing argument did not challenge the sufficiency of the evidence. The defendant made no motion to set aside the court's judgment.

After presenting evidence, "the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict" in order to preserve the question of the sufficiency of the evidence in a bench trial. Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). In this case, the trial court was never given the opportunity after the defendant presented evidence to consider the issue raised on appeal. The failure to renew the argument might have been because the defendant's own testimony revealed that he had been arrested for new criminal offenses while on this probation.

We do not consider on appeal an issue not presented at trial. McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (*en banc*). The exceptions to Rule 5A:18 do not apply because the defendant did not "affirmatively show that a miscarriage of justice has occurred." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Accordingly, we affirm.

Affirmed.