COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata
Argued at Alexandria, Virginia

FLOR DE MARIA BENITEZ RIOS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1569-11-4                      JUDGE ROSEMARIE ANNUNZIATA
                                                    JANUARY 22, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Richard B. Potter, Judge

Stephen Domenic Scavuzzo for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Flor De Maria Benitez Rios appeals her conviction of felony child neglect in violation of

Code § 18.2-371.1(B). She argues the trial court erred in denying her motion to strike and the

evidence was insufficient to support the conviction because her conduct was not so wanton or

culpable to show a reckless disregard for human life.[1]   We affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Rios' trial attorney filed a petition for appeal pursuant to Anders v. California, 386 U.S.
738 (1967). In the petition, Rios' attorney argued the evidence was insufficient to support the
conviction. On December 16, 2011, this Court entered an order giving Rios until January 3,
2012 to file a *pro se* supplemental petition for appeal. She did not do so. On June 4, 2012, this
Court granted Rios' petition for appeal, relieved counsel who had filed the Anders petition for
appeal, and appointed the new counsel. The order granting Rios' petition for appeal also
provided, "A copy of this brief has been furnished to appellant with sufficient time for appellant
to raise any matter that appellant chooses." In her opening brief, Rios argues she is not limited to
the assignment of error in the petition and she may raise additional assignments of error without
leave of Court. Rule 5A:12(c)(1)(i) provides in part, "[o]nly assignments of error assigned in the
petition for appeal will be noticed by this Court." The sentence in the June 4, 2012 order did not
permit Rios to raise additional assignments of error but recognized that Rios was given an
opportunity to file a *pro se* supplemental petition for appeal. Accordingly, we will not address
the additional assignments of error Rios raises in her opening brief since they were not raised in
the petition or in a *pro se* supplemental petition for appeal.

In a jury trial, the defendant must make a motion to strike at the conclusion of all the evidence, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence. McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (*en banc*); McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987). "[I]n a jury trial, the closing argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law. Only a motion to strike the evidence accomplishes that objective in a jury trial." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (*en banc*).

It is well settled that when a defendant elects to present evidence on her behalf, she waives the right to stand on her motion to strike the evidence made at the conclusion of the Commonwealth's case. White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 867 (1986).

Rios was tried by a jury, and although Rios made a motion to strike at the conclusion of the Commonwealth's evidence, she failed to make one at the conclusion of all of the evidence and she did not move to set aside the verdict. Rios waived the right to stand on her motion to strike after she elected to present evidence on her behalf. Rios did not preserve the issue of the sufficiency of the evidence to support the conviction. Accordingly, Rule 5A:18 bars our consideration of this assignment of error on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Affirmed.