COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


ANGELA L. YOUNG

                                             MEMORANDUM OPINION* BY
v.       Record No. 1559-06-1              JUDGE ROBERT P. FRANK
                                                  JUNE 12, 2007
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                         Dean W. Sword, Jr., Judge

          Joseph A. Sadighian, Senior Assistant Appellate Defender (Office of
          the Appellate Defender, on briefs), for appellant.

          Jonathan M. Larcomb, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


       Angela L. Young, appellant, was convicted, in a bench trial, of possession of morphine in

violation of Code § 18.2-250. On appeal, she contends: (1) the Commonwealth failed to prove the

offense occurred in Portsmouth; and (2) the evidence was insufficient to prove the offense. Finding

no error, we affirm the conviction.

                                      BACKGROUND

       Under settled principles, we review the evidence in the light most favorable to the

Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (emphasis and citation omitted).

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer Blystone of the Portsmouth Police Department saw appellant driving a 1988 Oldsmobile at 5:00 a.m. on November 24. Blystone observed that appellant failed to stop "at the intersection of Wool and Watson." Blystone initiated a traffic stop of appellant's vehicle "at Wool and High Street." After issuing appellant a warning and receiving permission to search the vehicle, Blystone recovered a prescription pill bottle bearing the name "Stephanie Woody" from appellant's purse. The bottle, labeled OxyContin, contained two blue morphine tablets and six white trazodone tablets.[1] The bottle contained no OxyContin. Blystone subsequently placed appellant under arrest for unlawful possession of a controlled substance.[2]

Stephanie Woody, testifying at trial on behalf of appellant, stated that appellant is her uncle's girlfriend. The 1988 Oldsmobile that appellant was driving belongs to her uncle, and appellant had permission to drive the car. Woody testified that the pills found in appellant's purse belonged to Woody, and they had "dropped out of [her] purse." Woody said that appellant "must have picked them up to bring them to me." She indicated appellant called her to say she had found her pills. Woody testified that she suffers from chronic migraine headaches, and has prescriptions for many pills, including those found in appellant's purse. She carries her pills in one bottle for convenience. Woody testified she takes trazodone for pain.

At the close of the Commonwealth's case, appellant moved the court to strike the evidence on the ground that the Commonwealth failed to prove venue. The court overruled the motion. After presenting her evidence, appellant renewed her motion to strike only on the ground that the evidence failed to show appellant possessed the drug knowing of its nature and character. The court overruled the motion and then found:

---

[1] Arthur Christy, a forensic scientist with the Virginia Department of Forensic Science, testified that morphine is a Schedule II controlled substance used as a painkiller, and trazodone is a Schedule VI controlled substance used to treat depression.

[2] The subject of this appeal concerns only the morphine tablets.

I . . . remember the facts of the case being significantly different in that she wasn't just simply taking someone else's medication to – I mean, we hardly ever convict anybody of transporting legitimate legal drugs to somebody. I suspect we probably do it all the time, you know, picking up your mother's prescription or your husband or wife's prescription or your children's prescription. That's one thing. But carrying around illegal drugs in containers that are marked for other things and quantities that don't indicate that they are being used for a legitimate purpose, which is really what the facts of the case were, is an entirely different situation than just simply taking somebody their prescription.

The court found appellant guilty of possession of morphine, and this appeal follows.

ANALYSIS

Appellant contends the trial court erred in refusing to strike the evidence on the ground that the Commonwealth failed to prove venue. She argues Officer Blystone's testimony referencing the intersections of "Wool and Watson" and "Wool and High Street" was the only evidence tending to establish that the offense took place in the City of Portsmouth. We find appellant did not properly preserve this issue for appeal.

Appellant did not renew her motion to strike the evidence on the venue ground at the conclusion of all the evidence. It is well settled that when a defendant elects to present evidence on her behalf, she waives the right to stand on her motion to strike the evidence made at the conclusion of the Commonwealth's case. White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 868 (1986) (citing Spangler v. Commonwealth, 188 Va. 436, 50 S.E.2d 265 (1948)). This principle recognizes that when

> [an] accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence. Thus, the original motion to strike is no longer applicable because it addresses a superseded context.

McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995).

Appellant maintains that she did not waive her right to stand on her original motion because her evidence did not present any venue issue that did not exist at the close of the prosecution's case. We reject this argument because it ignores a simple, but often repeated, rule that requires a motion to strike be renewed at the conclusion of all the evidence. See Day v. Commonwealth, 12 Va. App. 1078, 1079, 407 S.E.2d 52, 54 (1991) (holding that appellant failed to renew his motion to strike at the close of the conclusion of the evidence and, therefore, his objection to the sufficiency of the evidence to establish venue was waived).

We do not interpret White as requiring a trial court to parcel the existing evidence from the new evidence, and evaluate a subsequent motion to strike solely on the additional evidence presented. Clearly, the language of White and McQuinn directs that upon a subsequent motion to strike, the trial court must consider the evidence as a whole because the original motion to strike has been abandoned. Thus, because appellant failed to renew her motion to strike in total, she waived her original objection to the sufficiency of the evidence to establish venue. Day, 12 Va. App. at 1079, 407 S.E.2d at 54.

Appellant next contends the evidence was insufficient to prove she was aware of the nature and character of the morphine she carried in her purse. We disagree.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va. 481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The Commonwealth may prove possession of a controlled substance by showing either actual or constructive possession. Birdsong v. Commonwealth, 37 Va. App. 603, 607, 560 S.E.2d 468, 470 (2002). To establish possession in the legal sense, not only must the Commonwealth show actual or constructive possession of the drug by the defendant, it must also establish that the defendant intentionally and consciously possessed the drug with knowledge of its nature and character. Williams v. Commonwealth, 14 Va. App. 666, 669, 418 S.E.2d 346, 348 (1992). "'Knowledge of the presence and character of the controlled substance may be shown by evidence of the acts, statements or conduct of the accused.'" Id. (quoting Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981)).

Officer Blystone recovered the pill bottle from appellant's purse, and appellant's own witness placed the pills in appellant's possession. Clearly, appellant possessed the pills and exercised dominion and control over them. Appellant does not contest this issue. The question, then, becomes whether appellant was aware of the nature and character of the pills found inside the bottle.

"Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character." Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498 (1990) (holding that an individual in back seat of car had constructive possession of drugs in trunk and

that possession gave rise to inference of knowledge of drug's character). Appellant argues that such an inference, alone, is not sufficient to prove knowledge of the nature and character of the pills, stating, "[t]he evidence of Young's guilt never rose above this inference . . . ." Appellant cites no cases to support this argument. Indeed, the law is to the contrary.

The fact finder may find the evidence sufficient to convict based on the inference, as long as the predicate facts of the inference are proven beyond a reasonable doubt. See Hudson, 265 Va. at 514, 578 S.E.2d at 786 ("It is 'within the province of the [fact finder] to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts.'" (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976))). Thus, from the proven fact that the pills were in her purse, the trial court reasonably inferred that appellant knew of the nature and character of the pills she possessed. See Josephs, 10 Va. App. at 101, 390 S.E.2d at 498.

Additionally, the trial court was not obligated to accept Woody's testimony as to how appellant innocently came into possession of the pills. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony in total, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).

Clearly, the trial court disbelieved Woody's explanation of how the pills innocently came into appellant's possession. By rejecting this testimony, it is reasonable for the trial court to conclude that appellant had possession of the morphine for purposes other than to return them to Woody. In light of the inference drawn by the trial court, coupled with the irregular manner in which the pills were packaged and appellant's lack of a valid prescription, we find the trial court

reasonably concluded that "this is an entirely different situation than just simply taking

somebody their prescription."  Thus, the trial court did not err in considering all of the evidence

and finding appellant knew the nature and character of the drug in her possession.[3]

Accordingly, appellant's conviction is affirmed.

<u>Affirmed.</u>

---

[3] We do not suggest that one who lawfully transports prescription drugs belonging to another is necessarily guilty of illegal possession of those drugs.  This decision is limited to the facts of this case.