COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


SHARRON KELSON

                                                        OPINION BY
v.        Record No. 1847-03-2             JUDGE LARRY G. ELDER
                                                      OCTOBER 26, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

John B. Mann (Levit & Mann, P.C., on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Sharron Kelson (appellant) appeals from his conviction, entered upon his conditional plea of guilty, for possession of cocaine with intent to distribute pursuant to Code § 18.2-248.  The cocaine was found when appellant was searched while in jail for a trespassing offense.  On appeal, appellant contends this Court's reasoning in Hicks v. Commonwealth, 36 Va. App. 49, 548 S.E.2d 249 (2001) (*en banc*), aff'd in part and vacated in part, 264 Va. 48, 536 S.E.2d 674 (2002), rev'd, 539 U.S. 113, 123 S. Ct. 2191, 156 L. Ed. 2d 148 (2003), although later rejected by the United States Supreme Court, was binding at the time of his arrest for trespassing on Richmond Redevelopment and Housing Authority (RRHA) property.  Thus, he contends, his arrest was unconstitutional and tainted the discovery of the cocaine because, if not for the unconstitutional arrest, the cocaine would not have been found.

We hold appellant's arrest for trespassing after having been forbidden to do so was neither unconstitutional nor illegal under the facts of this case.  The United States Supreme Court ultimately reversed the determination that the RRHA policy was unconstitutional, and that

reversal applied retroactively to validate appellant's arrest. Thus, the discovery of cocaine pursuant to that arrest was not tainted by any illegality, and the trial court's denial of the motion to suppress was not error.

## I.

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving the challenged action did not violate the defendant's constitutional rights. Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989). On appeal of the denial of a motion to suppress, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)). However, we review *de novo* the trial court's application of defined legal standards such as reasonable suspicion and probable cause to the particular facts of the case. Ornelas, 517 U.S. at 699, 116 S. Ct. at 1663.

## A.

### THE VARIOUS APPELLATE DECISIONS IN HICKS

Hicks involved a defendant who was arrested for trespassing on the streets of Whitcomb Court, "a housing development in the City of Richmond for low income residents." Hicks, 264 Va. at 51, 563 S.E.2d at 676. Whitcomb Court was owned and operated by the RRHA, a political subdivision of the Commonwealth of Virginia. Id. In what the Virginia Supreme Court described as "an effort to eradicate illegal drug activity in Whitcomb Court," the Richmond City

Council "enacted an ordinance that 'closed [the streets of Whitcomb Court] to public use and travel and abandoned [them] as streets of the City of Richmond.'" Id. RRHA, "in its capacity as owner of the private streets" in Whitcomb Court, authorized Richmond police officers to

> "serve notice, either orally or in writing to any person who is found on [RRHA] property when such person is not a resident, employee, or such person cannot demonstrate a legitimate business or social purpose for being on the premises. Such notice shall forbid the person from returning to the property. Finally, [RRHA] authorizes Richmond Police Department officers to arrest any person for trespassing after such person, having been duly notified, either stays upon or returns to [RRHA] property."

Id. at 52, 563 S.E.2d at 676.

On April 14, 1998, defendant Hicks received written notice that he was "not to trespass" at Whitcomb Court or any other RRHA property and that he would be "subject to arrest" if "seen or caught on the premises" in the future. Id. On January 20, 1999, Hicks was again seen at Whitcomb Court and was issued a summons for trespassing. Id. Hicks was convicted for that offense and noted his appeal. Id.

By *en banc* decision issued July 3, 2001, we held that RRHA's "privatization effort unconstitutionally infringe[d] upon a citizen's First and Fourteenth Amendment rights to lawfully be present in a public place." 36 Va. App. at 63, 548 S.E.2d at 526.

By decision issued June 7, 2002, the Virginia Supreme Court affirmed in part, holding the RRHA "trespass policy [was unconstitutionally] overbroad" and that Hicks had standing to "assert this issue in this criminal prosecution." 264 Va. at 60, 563 S.E.2d at 681. It vacated the portion of our opinion concluding that the RRHA's private streets were a public forum and "reserve[d] consideration of this issue for another day." Id.

By decision rendered June 16, 2003, the United States Supreme Court reversed and remanded, concluding Hicks failed to show that the RRHA policy, "taken as a whole," was

"substantially overbroad judged in relation to its plainly legitimate sweep." 539 U.S. at 122, 123 S. Ct. at 2198.

On remand, the Virginia Supreme Court rejected Hicks's additional claim that RRHA's trespassing policy was unconstitutionally vague. Commonwealth v. Hicks, 267 Va. 573, 596 S.E.2d 74 (2004). It noted that, based on Hicks's receipt of RRHA's barment letter and his prior conviction for two other charges of trespassing on RRHA property in violation of Code § 18.2-119, RRHA's "trespass policy could not have been any clearer" "as to him." Id. at 581, 596 S.E.2d at 78. Thus, the policy at issue in Hicks remains constitutional to the extent it was challenged therein.

B.

IMPACT OF THIS COURT'S DECISION IN HICKS ON APPELLANT'S ARREST

Appellant contends that, despite the ultimate outcome of Hicks's appeal, the officer who arrested him in May 2002 was bound by this Court's *en banc* declaration in Hicks that the RRHA trespassing policy was unconstitutional--which declaration was rendered on July 3, 2001, over nine months before appellant's arrest for trespassing, and not overturned until June 16, 2003, over a year after appellant's arrest. We disagree.

"As a rule, judicial decisions apply 'retroactively.'" Solem v. Stumes, 465 U.S. 638, 642, 104 S. Ct. 1338, 1341, 79 L. Ed. 2d 579 (1984). When a decision of the United States Supreme Court "[does] nothing more than apply settled precedent to different factual situations" or concludes "that a trial court lacked authority to convict a criminal defendant in the first place," the ruling applies "'retroactively to all convictions that were not yet final at the time the decision was rendered.'"[1] Griffith v. Kentucky, 479 U.S. 314, 324 & n.10, 328, 107 S. Ct. 708, 713-14 &

---

[1] The Court described a "final" conviction as one "in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari

n.10, 716, 93 L. Ed. 2d 649 (1998) (quoting United States v. Johnson, 457 U.S. 537, 562, 102 S. Ct. 2579, 2594, 73 L. Ed. 2d 202 (1982)).  Even where a decision announces a "new rule" of law, that decision "applies to all criminal cases still pending on direct review" in state and federal courts.  Id. at 328, 107 S. Ct. at 716.  "As to convictions that are already final, . . . [new] *substantive* rules generally apply retroactively."  Schriro v. Summerlin, 542 U.S. ___, ___, 124 S. Ct. 2519, 2522-23, 159 L. Ed. 2d 442 (2004).  Only "[n]ew rules of *procedure* . . . generally do not apply retroactively" to cases no longer pending in state or federal court.  Id. at ___, 124 S. Ct. at 2523 (discussing "extremely narrow" class of cases in which procedural rules may be challenged retroactively on collateral review) (emphasis added).

As discussed above, the United States Supreme Court ultimately reversed the determination by the Commonwealth's appellate courts that the RRHA trespassing policy was unconstitutional.  See Hicks, 539 U.S. at 122, 123 S. Ct. at 2198.  Settled legal principles provide that the United States Constitution, not a state court's erroneous interpretation of it, is controlling.  See, e.g., Herrera v. Commonwealth, 24 Va. App. 490, 494, 483 S.E.2d 492, 494 (1997) (in context of determining whether to apply retroactively a "new rule for the conduct of criminal prosecutions," adopting "'Blackstonian view[] that judges . . . find the law'" rather than "'make the law'" and that "'[j]udicial declaration of law is merely a statement of what the law has always been'" (quoting Cash v. Califano, 621 F.2d 626, 628 (4th Cir. 1980))).  Here, the United States Supreme Court, as the final arbiter of the federal Constitution, held on June 16, 2003, that the RRHA policy at issue in Hicks was not unconstitutionally overbroad.  Because appellant's case was still pending in the trial court at that time,[2] the United States Supreme

---

elapsed or a petition for certiorari finally denied."  Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6, 93 L. Ed. 2d 649 (1987).

[2] The parties argued appellant's motion to suppress in the trial court on July 2, 2003, about two weeks after the United States Supreme Court's decision in Hicks.

Court's interpretation of the policy is controlling, regardless of whether the Court rendered its decision before or after appellant's arrest.

The United States Court of Appeals for the Ninth Circuit applied this principle in an analogous context in United States v. Estrada, 733 F.2d 683 (1984). There, the defendant disputed the admissibility of items found pursuant to a search warrant issued based on information from a confidential informant. Id. at 684. Until 1983, a review of the sufficiency of a search warrant affidavit that relied on a confidential informant was judged under the "rigid" "two-pronged [Aguilar-Spinelli] test." Id. In 1983, however, the Supreme Court decided in Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), that the sufficiency of such an affidavit "depends [instead] on the 'totality of the circumstances.'" Estrada, 733 F.2d at 684 (quoting Gates, 462 U.S. at 238, 103 S. Ct. at 2332). As a result, the Supreme Court's decision in Gates limited or narrowed application of the exclusionary rule in this context by adopting a rule that upheld the sufficiency of a greater number of search warrants. Id. at 684-85.

In giving what it termed "retroactiv[e]" application to Gates, the Court of Appeals reasoned as follows:

> We have never denied retroactive application to a new decision that *limits* the Fourth Amendment's exclusionary rule. We have held, for example, that the warrantless automobile container search rule[, which permits police with a legal basis for searching a car to open and search any closed containers found therein,] announced in United States v. Ross, 456 U.S. 798, 72 L. Ed. 2d 572, 102 S. Ct. 2157 (1981), applies retroactively. United States v. Johns, 707 F.2d 1093 (9th Cir. 1983).

> These cases indicate that decisions limiting the exclusionary rule are fully retroactive.

> No other result makes sense. The purpose of refusing to apply retroactively a new decision enforcing the exclusionary rule is to avoid penalizing police conduct when the police reasonably relied on existing judicial precedent. When a court determines that a particular police

- 6 -

> practice does *not* violate the Constitution, there is
> no reason not to apply that decision retroactively.

Johns, 707 F.2d at 1097.

> A participant in illegal activities cannot legitimately expect
> to order his affairs in reliance on prior judicial interpretations of
> the exclusionary rule.

> Similarly, the administration of justice is benefited by
> giving retroactive application to a new decision limiting the
> exclusionary rule. The costs of that rule are justified by its
> deterrent effect on illegal police conduct. When a subsequent
> decision holds the police conduct is reasonable, the rationale for
> exclusion disappears. Johns, 707 F.2d at 1097.

Estrada, 733 F.2d at 685 (citations omitted); see also State v. Ryerson, 514 A.2d 337, 339-41

(Conn. 1986) (discussing retroactivity principles and application in context of Gates and noting,

as court in Estrada did, that "it cannot be argued that the defendant ordered his conduct in

justifiable reliance on [the prior] decision [at issue]").

In appellant's case, like in Estrada, the United States Supreme Court's decision in Hicks

upholding the RRHA trespass policy amounted to a limitation on the exclusionary rule--because

an arrest for trespassing under the RRHA policy was constitutional, the exclusionary rule did not

apply. Here, like in Estrada, giving retroactive effect to the Supreme Court's decision in Hicks is

proper. Thus, the existence of a warrant charging appellant with trespassing after having been

warned not to do so provided a valid basis for his custodial arrest and supports the admission of

the cocaine found in a search of appellant following that valid arrest.[3]

## II.

We hold appellant's arrest for trespassing after having been forbidden to do so was

neither unconstitutional nor illegal under the facts of this case. The United States Supreme Court

---

[3] Appellant challenges his arrest based solely on the existence of the Hicks decision. Thus, we need not consider whether the RRHA policy may have been unconstitutional on any other grounds.

- 7 -

ultimately reversed the determination that the RRHA policy was unconstitutional, and that reversal applied retroactively to validate appellant's arrest. Thus, the discovery of cocaine pursuant to that arrest was not tainted by any illegality, and the trial court's denial of the motion to suppress was not error. For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>