COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, McClanahan and Beales
Argued at Richmond, Virginia


RICKY O'BRIAN CAMPBELL

MEMORANDUM OPINION* BY
v.      Record No. 1471-07-2          JUDGE ROBERT P. FRANK
                                                 JULY 15, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Horace A. Revercomb, III, Judge

William M. Sokol (Sokol & Jones, on briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Ricky O'Brian Campbell, appellant, was convicted, in a bench trial, of leaving the scene of

an accident involving personal injury or death in violation of Code § 46.2-894. On appeal, he

contends the trial court erred in finding that he was "involved" in an accident that fatally injured one

individual and critically injured another. For the following reasons, we reverse appellant's

conviction and remand for a new trial if the Commonwealth be so advised.

BACKGROUND

On May 7, 2006 appellant was visiting relatives at his cousin's home on Route 301 in King

George County. He left the family gathering at approximately 1:00 a.m., traveling north on Route

301 on his motorcycle. Shortly after leaving his cousin's driveway, appellant lost control of the

motorcycle and it spun to the ground. Corey Mickens witnessed the spill and told appellant's

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

cousin, Kelvin, what had just happened. Kelvin ran up the hill from the residence to assist appellant in moving the motorcycle out of the roadway.

While appellant was in the process of moving his motorcycle to the side of the road, a pickup truck was traveling north in the left-hand lane heading toward appellant and Kelvin. The truck veered onto the median strip to avoid striking a man and a woman who were in the road jumping up and down and waving frantically. A Ford Freestyle was following the pickup in the right-hand lane of travel. Tragically, the Ford struck both individuals, fatally injuring the man and critically injuring the woman.

Appellant suffered only minor injuries from his fall. After restarting his motorcycle, appellant drove to another cousin's residence without reporting to law enforcement officials who later arrived to investigate the accident with the Ford Freestyle. The following day appellant was charged with leaving the scene of an accident involving injuries. The trial court, relying upon this Court's decision in Robinson v. Commonwealth, 48 Va. App. 623, 633 S.E.2d 737 (2006), determined that appellant was "involved" in the Ford Freestyle accident and found him guilty as charged.

This appeal follows.

ANALYSIS

Procedural Default

The Commonwealth first claims that appellant has not preserved his right to challenge the sufficiency of the evidence on appeal. The Commonwealth reasons that appellant is procedurally barred from arguing sufficiency because he failed to renew his motion to strike the evidence at the conclusion of the trial. Under the specific facts of this case, we disagree with the Commonwealth.

Prior to trial, appellant moved the court to dismiss, arguing that the evidence would not show that appellant was "involved" in the accident. After considering this Court's decision in Robinson, 48 Va. App. 623, 633 S.E.2d 737, the trial court overruled appellant's motion. At the close of the Commonwealth's case, appellant moved the trial court to strike the evidence in its entirety. The Commonwealth responded by arguing that Robinson controlled. The court stated "[t]his case turns . . . on the sole question of whether or not the defendant was involved in the accident." Again referencing Robinson, the trial court overruled appellant's motion to strike and found that the Commonwealth met its *prima facie* burden.

Appellant presented evidence, and, at the close of the case, the court asked for argument. Appellant's counsel responded, "I have nothing to say, Your Honor." The court stated:

> As I indicated earlier, this case turns on the sole question from a legal perspective on what has been presented as to whether the accused was involved in the accident in order to meet the requirements of that statute.
>
> In looking to Robinson v. Commonwealth, looking for guidance on the issue and looking at the facts of the case at bar, I am satisfied that the Commonwealth has met its burden. The evidence is sufficient and I, therefore, find him guilty.

It is well settled that when a defendant elects to present evidence on his behalf, he waives the right to stand on his motion to strike the evidence made at the conclusion of the Commonwealth's case. White v. Commonwealth, 3 Va. App. 231, 233, 348 S.E.2d 866, 868 (1986) (citing Spangler v. Commonwealth, 188 Va. 436, 50 S.E.2d 265 (1948)). This principle recognizes that when

> [an] accused elects not to stand on his motion and presents evidence, he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence. Thus, the original motion to strike is no longer applicable because it addresses a superseded context.

McQuinn v. Commonwealth, 20 Va. App. 753, 757, 460 S.E.2d 624, 626 (1995) (*en banc*). However, this principle must be reviewed in a Rule 5A:18 context. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 3 (1991) (*en banc*) (finding that when there is no question that the trial court was adequately advised of the defendant's position, and the court had the opportunity to take corrective action, the purpose underlying the contemporaneous objection rule is fulfilled and defendant does not waive a sufficiency issue by failing to renew his motion to strike at the close of all the evidence).

Appellant maintains that he did not waive his right to stand on his original motion because the sole issue in the case, from the outset, was whether appellant was "involved" in the accident as contemplated by Robinson. Thus, argues appellant, the trial court throughout the trial was aware of the only issue in the case and the requirements of Rule 5A:18 were fulfilled. We agree with appellant.

The purpose of Rule 5A:18 was met, and the sufficiency issue was preserved for appeal. The record reveals that the sole issue before the trial court was whether appellant was "involved" in the accident. Appellant made his position clear to the court prior to trial and repeated his argument in his initial motion to strike. At the close of his evidence, the trial court addressed the sole issue before it, and even referred back to its prior ruling on appellant's motion to strike at the conclusion of the Commonwealth's case. Thus, we find the trial court was aware of appellant's position, was able to consider it intelligently and, if desired, to take corrective action. See Howard v. Commonwealth, 21 Va. App. 473, 479, 465 S.E.2d 142, 145 (1995).

<u>Sufficiency of the Evidence</u>[1]

Appellant was convicted of violating the provisions of Code § 46.2-894, which state in relevant part:

> The driver of any vehicle *involved* in an accident in which a person is killed or injured or in which an attended vehicle or other attended property is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic, as provided in § 46.2-888, and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property. The driver shall also render reasonable assistance to any person injured in such accident, including taking such injured person to a physician, surgeon, or hospital if it is apparent that medical treatment is necessary or is requested by the injured person.

(Emphasis added).

"'It is the flight from the scene, and the failure to give the information required to the person in charge of the property damaged or succor to the injured which constitute the completed offense.'" <u>O'Connell v. Commonwealth</u>, 48 Va. App. 719, 733, 634 S.E.2d 379, 386 (2006) (citing <u>Tooke v. Commonwealth</u>, 47 Va. App. 759, 765-66, 627 S.E.2d 533, 536 (2006)). The duty imposed upon the driver of a vehicle involved in an accident requires positive, affirmative action, namely to stop and give assistance and the necessary information specified. <u>Id.</u>

In convicting appellant, the trial court relied upon this Court's holding in <u>Robinson</u>, 48 Va. App. 623, 633 S.E.2d 737. In that case, this Court was called upon to decide if the defendant was "involved" in an accident in which there was no physical contact between the defendant/driver and the injured parties. Guided by our decision, the trial court stated that

---

[1] The parties stipulated at trial that the man was killed and the woman was injured as a result of being struck by the Ford Freestyle.

nothing in <u>Robinson</u> required the accused to have "legally caused" the accident, only that he be "implicated in or connect[ed] with the accident in a substantial or logical manner."

On June 8, 2007, the Supreme Court decided <u>Robinson v. Commonwealth</u>, 274 Va. 45, 645 S.E.2d 470 (2007). There, the Supreme Court reversed this Court's affirmance of the conviction, stating "the numerous definitions of the word 'involve' used by the Court of Appeals would permit a fact finder to find a driver guilty . . . even though that driver was . . . not a proximate cause of the accident." <u>Id.</u> at 53, 645 S.E.2d at 474. Thus, the Supreme Court redefined "involved" to mean proximate cause, thereby announcing a new standard to evaluate whether an accused violates Code § 46.2-894 when there is no physical contact between the injured party and the accused driver.

Specifically, the Supreme Court concluded that in order for a driver of a vehicle to be involved in an accident within the intendment of the statute, "there must be physical contact between the driver's vehicle and another vehicle, person, or object, or the driver of a motor vehicle must have been a proximate cause of an accident." <u>Id.</u> The Court further noted that "in the application of legal principles pertinent to a finding of proximate causation, we have held that '[t]hese principles are constant whether considered in a civil or criminal context.'" <u>Id.</u> (quoting <u>Gallimore v. Commonwealth</u>, 246 Va. 441, 447, 436 S.E.2d 421, 425 (1993)).

> There can be more than one proximate cause [of an incident] and liability attaches to each person whose negligent act results in the victim's injury or death. To be an intervening cause . . . [an incident] must have been an event which [the defendant] could not have foreseen. "An intervening act which is reasonably foreseeable cannot be relied upon as breaking the chain of causal connection between an original act of negligence and subsequent injury." <u>Delawder v. Commonwealth</u>, 214 Va. 55, 58, 196 S.E.2d 913, 915 (1973). Furthermore, an intervening event, even if a cause of the harm, does not operate to exempt a defendant from liability if the intervening event was put into operation by the defendant's negligent acts.

<u>Gallimore</u>, 246 Va. at 447, 436 S.E.2d at 425 (other citations omitted).

- 6 -

"'Generally, negligence (whether ordinary, gross, or willful and wanton), contributory negligence, and proximate cause are issues for a [fact finder's] resolution. They only become questions of law to be determined by a court, when reasonable minds could not differ.'" Forbes v. Commonwealth, 27 Va. App. 304, 309, 498 S.E.2d 457, 459 (1998) (quoting Tubman v. Commonwealth, 3 Va. App. 267, 273-74, 348 S.E.2d 871, 875 (1986)).

While we acknowledge that neither party contests the retroactivity of the Supreme Court's holding in Robinson to the facts and issues presented in this appeal,[2] we point out that, based upon the trial court's correct interpretation of the law that existed at the time, proximate cause was not the criteria used by the trial court in convicting appellant. Thus, we cannot say as a matter of law appellant's actions were the proximate cause of the accident because the trial court never ruled as such.

We find that on this record, several facts upon which the trial court could have relied in determining proximate cause are in dispute. For instance, the driver of the pickup truck testified that the female was standing in the right-hand lane of Route 301 and the male was in the left-hand lane. The driver's wife was certain the male was in the "slow" lane and the female was on the shoulder. The Ford's driver stated that the male was in the left lane, and he never saw the female. In other conflicting testimony, the pickup truck's driver and his wife both observed that as the accident occurred, the motorcycle was on the ground in the left-hand lane of the roadway. In contrast, appellant and Kelvin each testified that at the time of the accident the motorcycle was off onto the left-hand shoulder of the highway. Kelvin even noted that after appellant

---

[2] Because appellant's case was not final at the time the Supreme Court decided Robinson, 274 Va. 45, 645 S.E.2d 470, the Supreme Court's interpretation of Code § 46.2-894 is controlling. See Kelson v. Commonwealth, 44 Va. App. 170, 176-77, 604 S.E.2d 98, 102 (2004) (discussing that when a decision announces a "new rule" of law, that decision applies to all criminal cases still pending on direct review in state and federal courts).

moved the motorcycle off the road, he had already begun walking back toward the residence when he observed the Ford veer off the highway.[3]

The trial court did not resolve these conflicts in the testimony because their resolution was not necessary for the trial court's ruling under the standard announced in the first Robinson decision. However, such resolution is necessary under the "proximate cause" standard announced by the Supreme Court, and, thus, we cannot determine the sufficiency of the evidence on the record before us. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The Commonwealth contended at oral argument that we should affirm the trial court because it arrived at the right result for the wrong reason, since the Commonwealth argued at trial that appellant was the proximate cause of the accident. See Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992) (holding that an appellate court may affirm the judgment of the trial court when it has reached the right result for the wrong reason). However, the rule does not apply when "further factual resolution is needed." Id. at 452, 417 S.E.2d at 314. Thus, without the resolution of the factual disputes, we cannot apply the rule.

CONCLUSION

For the foregoing reasons, we find that we cannot determine, on the facts of this record, whether appellant was involved in the accident as contemplated by the Supreme Court's decision in Robinson. We are unable to determine the sufficiency of the evidence; to do so we would

---

[3] Kelvin did not see the Ford strike either of the two individuals.

- 8 -

need to make factual findings not addressed by the trial court.  We therefore reverse appellant's

conviction and remand for a new trial if the Commonwealth be so advised.[4]

Reversed and remanded.

---

[4] We emphasize that we are not ruling on the sufficiency of the evidence.  We further note that at oral argument before this Court on appeal, counsel for appellant waived any double jeopardy defense upon remand.

McClanahan, J., dissenting.

I respectfully disagree with the majority's threshold determination that appellant preserved his right to challenge the sufficiency of the evidence on appeal.

The trial court denied appellant's motion to strike the Commonwealth's evidence at the close of its case. Appellant then presented evidence. Thereafter, in the trial court appellant did not again challenge the sufficiency of the evidence supportive of his conviction.

It is well established that a defendant waives a sufficiency objection under Rule 5A:18 when he fails to renew this evidentiary challenge after presenting evidence on his own behalf. McQuinn v. Commonwealth, 20 Va. App. 753, 755-57, 460 S.E.2d 624, 625-26 (1995) (*en banc*). More specifically, in a bench trial, as in the instant case, "where a defendant wishes to preserve a sufficiency motion after presenting evidence, the defendant must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict." [5] Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995). See Cotter v. Commonwealth, 21 Va. App. 453, 454, 464 S.E.2d 566, 567 (1995) (*en banc*); McQuinn, 20 Va. App. at 756, 460 S.E.2d at 625; Campbell v. Commonwealth, 12 Va. App. 476, 480-81, 405 S.E.2d 1, 2-3 (1991) (*en banc*); McGee v. Commonwealth, 4 Va. App. 317, 321, 357 S.E.2d 738, 739-40 (1987). The reason for this principle is that, once the defendant has presented evidence, "he thereby creates a new context in which the court, if called upon to do so, must judge the sufficiency of the evidence." McQuinn, 20 Va. App. at 757, 460 S.E.2d at 626. In other words, "the original motion to strike is no longer applicable because it addresses a superseded context." Id.

---

[5] This principle does not apply in jury trials with regard to the closing argument, where "argument is addressed to the jury, not the trial judge, and does not require the trial judge to rule on the evidence as a matter of law." Campbell v. Commonwealth, 12 Va. App. 476, 481, 405 S.E.2d 1, 3 (1991) (*en banc*).

While recognizing this waiver principle, the majority, citing Howard, reasons that this case is subject to a limited exception applicable where the record makes clear that, at the close of all the evidence, the trial court was aware of defendant's position, "consider[ed] it intelligently," and if necessary, could have "take[n] corrective action" (citing Howard, 21 Va. App. at 479, 465 S.E.2d at 145).  The majority gleans such were the circumstances in this case based on the trial judge's statements at the end of the trial that he had denied appellant's motion to strike at the end of the Commonwealth's case, finding that the Commonwealth had made a *prima facie* case at that point"; that the "sole question" in the case was whether appellant was, in fact, "involved" in the subject accident, as that term is defined under Code § 46.2-894; that the trial judge "[is] satisfied that the Commonwealth has met its burden"; and that "[t]he evidence is sufficient and I, therefore, find [appellant] guilty."

In Howard, the defendant failed to renew his motion to strike or move to set aside the verdict after presenting evidence in his bench trial.  The trial transcript did not contain closing arguments.  Nevertheless, this Court held that the sufficiency issue was preserved for appeal because the record showed that, at the end of the trial, the trial court specifically took the issue under advisement for further consideration before finding defendant guilty.  Howard, 21 Va. App. at 478-79, 465 S.E.2d at 144-45.

The statements by the trial judge in the instant case, however, do not support such an interpretation.  That is, they do not establish that the trial judge considered at the end of the case whether all of the evidence—taken at face value—would be *insufficient as a matter of law* to permit "'any rational trier of fact'" to find "'the essential elements of the crime beyond a reasonable doubt.'"  Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Rather, the trial judge's statements can be reasonably interpreted only to mean he found, as the trier of fact, that based on

the *weight of the evidence* the Commonwealth had proved appellant's guilt beyond a reasonable doubt—no different than the meaning we ascribe to a jury's guilty verdict.  See Campbell, 12 Va. App. at 480-81, 405 S.E.2d at 2-3 (addressing, in the context of a closing argument, the distinction between a sufficiency challenge and an argument on the merits pertaining to the "weight of the evidence" favoring or disfavoring a conviction).

For these reasons, I dissent and would affirm the conviction.