**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James E. MATTOX, Jr.,**
**Defendant-Appellant.**

**No. 82–1170.**

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 1982.

Rehearing Denied Nov. 10, 1982.

Fred L. Tinsley, Jr., Dallas, Tex., for defendant-appellant.

Jack C. Williamson, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

PER CURIAM:

A person who had a duty to supply information on a government form contends he may not be convicted of making a false statement if he in fact had relevant information but filled in the letters "N/A" or inserted nothing in a blank space provided for his answers. We conclude that either the insertion of N/A or the knowing failure to supply the information requested is sufficient to permit, although it of course does not require, a jury to conclude that he has made a false statement.

In connection with his receipt of federal workers' compensation benefits, Mattox was required to file annually CA 1032 forms with the Department of Labor. These forms each contained the following instructions:

1. You must report all employment during the past 12 months (or since your last employment and pay was reported to our office if less than 12 months ago).

2. You must account for the entire time, including periods of self-employment or unemployment.

The forms provide spaces for the employee to provide information as to names of employers, dates of employment, rates of pay and kind of work. Above the signature line on each form is the statement: "I Hereby Certify That The Information Given By Me On And In Connection With This Questionnaire Is True And Correct To The Best Of My Knowledge And Belief."

Although employed, Mattox failed to provide the requested information on four CA 1032 forms. Instead, he wrote "N/A" in answer to the employment questions on three of the forms. On the fourth, he simply left the employment questions blank.

■ Although he failed to move for a judgment of acquittal at the close of the evidence, Mattox challenges the sufficiency of the evidence supporting his convictions for violations of 18 U.S.C. §§ 1001 and 1920 (1976). Because Mattox failed to renew his motion for acquittal at the end of all the evidence, our review of its sufficiency is limited to preventing a manifest miscarriage of justice. *United States v. Doe,* 664 F.2d 546, 548 (5th Cir. 1981); *United States v. Perez,* 651 F.2d 268, 273 (5th Cir. 1981); *United States v. Robbins,* 623 F.2d 418, 420 (5th Cir. 1980). In conducting that review, we examine the evidence in the light most favorable to the government and accept all reasonable inferences supporting the jury's verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Espinoza-Franco,* 668 F.2d 848, 849 (5th Cir. 1982).

■ Mattox argues that his answers on the CA 1032 cannot be characterized as "false."[1] Instead, he argues, they were only failures to fill in a blank or no answers at all. Answering "N/A" to a question is not the same as failing to answer the question. In common usage, "N/A" means "not applicable." Since Mattox was employed, the question was applicable to him. Therefore, the insertion of "N/A" was sufficient to warrant a jury in concluding that there was an answer, and that the answer given was a false response.[2] There was also evi-

---

1. 18 U.S.C. § 1001 (1976) provides in relevant part:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully . . . makes any *false,* fictitious or fraudulent statements or representations . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.

*Id.* (emphasis supplied). 18 U.S.C. § 1920 (1976) provides in relevant part:

> Whoever makes, in an affidavit or report required by section 8106 of title 5 or in a claim for compensation under subchapter I of Chapter 51 of title 5, a statement, knowing it to be *false,* is guilty of perjury and shall be fined not more than $2,000 or imprisoned not more than one year, or both.

*Id.* (emphasis supplied).

2. This is one of the reasons that *Bronston v. United States,* 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), relied upon by Mattox, is simply inapposite to this case. In *Bronston,* the statement was "literally true." *Id.* at 353, 93 S.Ct. at 597, 34 L.Ed.2d at 570. Moreover, the *Bronston* opinion explicitly states that the conduct at issue in that case was "not to be judged by the same standards applicable to criminally fraudulent . . . statements." *Id.* at 357 n.4, 93 S.Ct. at 599 n.4, 34 L.Ed.2d at 573 n.4.

dence sufficient to warrant the conclusion that Mattox made a false statement when on one of the forms he left the answer to the employment questions blank. " 'Leaving a blank is equivalent to an answer "none" or a statement that there are no facts required to be reported.' . . . If there are facts that should be reported, leaving a blank belies the certification . . . that the information therein is 'true and correct.'" *United States v. Irwin,* 654 F.2d 671, 676 (10th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982) (quoting *United States v. McCarthy,* 422 F.2d 160, 162 (2d Cir.), *cert. dismissed,* 398 U.S. 946, 90 S.Ct. 1864, 26 L.Ed.2d 286 (1970)). Silence may be falsity when it misleads, particularly if there is a duty to speak. The evidence warranted the conclusion that Mattox had a duty to fill in the blank if he had been employed and that his failure to do so was equivalent to an answer, and a false one at that.

Because we find that Mattox made false statements on his CA 1032 forms, we do not find that his convictions constitute a manifest miscarriage of justice.

For these reasons, the judgment is AFFIRMED.