9 F.3d 1535
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Stephen T. CONNOLLY, Defendant, Appellant.
 No. 93-1625.
 United States Court of Appeals,
First Circuit.
 December 7, 1993
 
 Appeal from the United States District Court for the District of Massachusetts
 Cornelius J. Sullivan with whom Brenda E. Walsh-Sullivan was on brief for appellant.
 Michael J. Tuteur, Assistant United States Attorney, with whom A. John Pappalardo, United States Attorney was on brief for appellee.
 D.Mass.
 AFFIRMED
 Before Breyer, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 In this appeal, defendant Stephen Thomas Connolly challenges his convictions on four counts of a five count indictment charging him with making false statements to the United States, in violation of 18 U.S.C. § 1001.[1] Finding each of defendant's appellate arguments to be entirely unpersuasive, we affirm.
 
 
 2
 This case arises out of defendant's failure to disclose earned income while applying for and receiving worker's compensation benefits. Defendant, a postal service letter carrier, suffered a work-related back injury on February 20, 1990. Soon thereafter, he made a claim for partial disability and in support of it, filed a series of Department of Labor CA-8 forms.[2] On the four CA-8 forms which underpin the counts of conviction, defendant left blank sections 9a and 9b, which directed him to disclose any salaried employment and/or commission and self-employment (regardless of whether any income actually was earned therefrom) in which he was engaged during the period he was seeking disability compensation. At trial, however, the government demonstrated that, from August 1990 through August 1991, defendant was employed as a delivery man for Aku-Aku, a Boston restaurant.[3] Defendant does not contest this employment and that he should have noted it in section 9 of the four relevant CA-8 forms.
 
 
 3
 In his poorly organized appellate brief, defendant makes three arguments which warrant brief discussion: (1) that the evidence presented was insufficient for the jury to have found that he acted "knowingly and willfully"; (2) that the omitted information was not "material" and therefore could not give rise to criminal liability under section 1001; and (3) that the jury's verdict was impermissibly inconsistent.[4] We address each claim in turn.
 
 
 4
 1. As is always the case when confronted with an argument that there was insufficient evidence to support a conviction, we review the evidence "in a light most favorable to the government and resolv[e] all credibility issues in its favor." E.g., United States v. Fisher, 3 F.2d 456, 462 n.18 (1st Cir. 1993). Here, there was ample evidence upon which the jury could have rested its conclusion that defendant, in failing to complete sections 9a and 9b of the relevant CA-8 forms, acted "knowingly and willfully." Defendant admitted at trial that he probably read sections 9a and 9b of the CA-8 forms, and that he didn't find the wording of these sections ambiguous or confusing. Moreover, there was evidence, in the form of both a sworn statement given by defendant to postal inspectors investigating his case and in the form of testimony by one of these postal inspectors, that defendant understood that he was obliged to report income from outside employment on the CA-8 forms.[5] In light of this, it is apparent that defendant's sufficiency argument must fail.
 
 
 5
 2. Defendant's second argument, that the omitted information was not "material," does not require extended discussion. While it is true that " '[m]ateriality of the alleged misstatements is an essential element of offenses defined by 18 U.S.C. § 1001,' " United States v. Corsino, 812 F.2d 26, 30 (1st Cir. 1987) (quoting United States v. Radetsky, 535 F.2d 556, 571 (10th Cir.), cert. denied, 429 U.S. 820 (1976)), we have defined "material" information as merely that which has " 'a natural tendency to influence, or [is] capable of affecting or influencing, a governmental function,' " Corsino, 812 F.2d at 30 (quoting United States v. Markham, 537 F.2d 187, 196 (5th Cir. 1976), cert. denied, 429 U.S. 1041 (1977)). Thus, statements can be material even if they were ignored, never relied upon, or never read by the agency. See Corsino, 812 F.2d at 31.
 
 
 6
 Here, there was uncontroverted trial testimony that, if defendant had disclosed his income from Aku-Aku, the
 
 
 7
 Department of Labor might have readjusted his disability compensation. Furthermore, there was uncontroverted trial testimony that, if defendant had disclosed his delivery job, the Department of Labor might have reevaluated his medical status. Given this testimony, there is no basis for us to upset the district court's finding, see id. at 31 n.3 (materiality under § section 1001 is a question for the court, and not the jury, to decide), that the omitted information was material.[6]
 
 
 8
 3. Defendant's third and final argument, that the jury's verdict was impermissibly inconsistent, also is unavailing. Even if we were to credit defendant's dubious assertion that the verdict here necessarily was inconsistent, it is well settled that, in criminal cases, "[c]onsistency in the verdict is not necessary." Dunn v. United States, 284 U.S. 390, 393 (1932); see also United States v. Powell, 469 U.S. 57, 63-69 (1984); United States v. Gonzalez-Torres, 980 F.2d 788, 791 (1st Cir. 1992). Accordingly, we summarily reject defendant's request for a new trial insofar as it is based upon his claim that the verdict here was inconsistent.
 
 
 9
 Affirmed.
 
 
 
 *Of the Western District of Michigan, sitting by designation.
 
 
 [1]
 In that portion of the statute relevant to this case, section 1001 provides: "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... makes any false, fictitious or fraudulent statements or representations ... shall be fined not more than $10,000 or imprisoned not more than five years, or both."
 
 
 [2]
 The CA-8 forms all carry the caption "Claim for Continuing Compensation on Account of Disability."
 
 
 [3]
 Although the government asserts that defendant maintained his employment with Aku-Aku through October 1991, nothing in the record indicates that defendant's employment with the restaurant continued past August 1991. Regardless, this discrepancy has no impact upon our analysis
 
 
 [4]
 Defendant alludes to the question of whether leaving section 9 blank can constitute a statement or representation under section 1001. Given the fact that defendant presents us with no argument and cites to no authority on this point, and given the further fact that there is authority which supports the proposition that leaving a form blank can constitute a statement or representation under section 1001, see United States v. Mattox, 689 F.2d 531, 533 (5th Cir. 1982); United States v. Irwin, 654 F.2d 671, 676 (10th Cir. 1981), cert. denied, 455 U.S. 1016 (1982), we will regard the argument as waived. See United States v. Innamorati, 996 F.2d 456, 468 (1st Cir.) (issues adverted to in a perfunctory manner deemed waived on appeal), cert. denied, 62 U.S.L.W. 3320 (Nov. 1, 1993)
 Defendant further challenges the indictment as "multiplicitous." He has, however, also waived this argument by failing to raise it prior to trial. See Fed. R. Crim. P. 12(b)(2) and Fed. R. Crim. P. 12(f) (defenses and objections based upon defects in the indictment must be raised prior to trial); see also United States v. Rodriguez, 858 F.2d 809, 816-17 (1st Cir. 1988).
 
 
 [5]
 On appeal, defendant does not argue that this evidence was improperly admitted
 
 
 [6]
 At oral argument, counsel for defendant indicated that he was precluded from cross-examining the relevant government witnesses on the issue of materiality. Our review of the record, however, reveals that defense counsel was not, in fact, prevented from so inquiring