COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Decker, Judges AtLee and Malveaux
Argued at Richmond, Virginia


RYAN TAYLOR POTTS

                                                        MEMORANDUM OPINION* BY
v.        Record No. 1244-21-2                  JUDGE MARY BENNETT MALVEAUX
                                                           DECEMBER 13, 2022
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
                           S. Anderson Nelson, Judge

         (Craig P. Tiller; Craig P. Tiller, Esq., PLLC, on briefs), for
         appellant.  Appellant submitting on briefs.

         Victoria Johnson, Assistant Attorney General (Jason S. Miyares,
         Attorney General, on brief), for appellee.


        The trial court convicted appellant of assault and battery, in violation of Code § 18.2-57, and

failure to appear, in violation of Code § 19.2-128.  He challenges the sufficiency of the evidence

supporting his convictions.  For the following reasons, we affirm the trial court's judgment.

                                       BACKGROUND[1]

        On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the

prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)

(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires that we "discard the

evidence of the accused in conflict with that of the Commonwealth, and regard as true all the

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Pursuant to Rule 5A:8(c), appellant submitted a written statement of facts in lieu of a

credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."

*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In January 2021, Nancy Tichenor's granddaughter, Calysta Tichenor, and Calysta's fiancé, appellant, lived in Nancy's home. Initially, appellant and Calysta lived in the basement but had been staying in a "makeshift area in the living room" "due to conditions in the basement." Nancy's relationship with Calysta was strained because Nancy did not like appellant.[2] In late January 2021, Nancy spoke with appellant in the living room and ordered him to move out. Immediately after, Nancy entered her bedroom, locked the door, and sat on her bed. Appellant followed her into the bedroom and "object[ed] to the eviction." Appellant then "stepped toward" Nancy, she stood, and appellant struck her left cheek and jaw. Nancy fell onto the bed and screamed for her son. Appellant returned to the living room, lay on a mattress in a fetal position, and cried. The Commonwealth introduced photographs of Nancy's face taken two days after the incident, as well as photographs taken during the week following the incident.

At trial, appellant denied that he had entered Nancy's bedroom, engaged in an altercation with her, or assaulted her. He stated that he heard Nancy enter her bedroom, but he never heard the "locking mechanism" engage. He testified that he overheard "Stacy Tichenor"[3] enter Nancy's bedroom and threaten to make false accusations against appellant. Appellant maintained that he was frightened and fled to a neighbor's home. He stated that he had attempted to call 911 but could not because "his phone was not operating sufficiently to allow that." The neighbor called 911 for him. On cross-examination, appellant stated that he had sent a police officer a video from his phone that proved his innocence.

---

[2] Calysta testified on appellant's behalf and agreed that there was tension between her and her grandmother.

[3] The record does not provide further details regarding Stacy Tichenor's identity.

Regarding appellant's conviction for failure to appear, the record reflects that trial was set on August 19, 2021, following appellant's motion for a continuance. On August 20, 2021, the trial court issued a show cause and a capias when appellant did not appear for trial. Appellant testified that he had been unaware of the trial date and maintained that his change of address was never entered into the court system. On cross-examination, he acknowledged that he "had not kept good contact with his attorney regarding his trial date." At the conclusion of the evidence, the trial court convicted appellant of both charges. This appeal followed.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

A. Assault and Battery

Appellant asserts that the evidence was insufficient to support his assault and battery conviction because Nancy's testimony was inherently incredible. He asserts that her testimony was not credible because she testified that he entered her bedroom, but also testified that she had

locked her bedroom door. Further, appellant maintains that Nancy was biased against him because she opposed his relationship with her granddaughter. Relying on his testimony, he contends that the evidence failed to exclude the reasonable hypothesis that Stacy assaulted Nancy.[4] We disagree.

"Determining the credibility of witnesses . . . is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." *Dalton v. Commonwealth*, 64 Va. App. 512, 525 (2015) (first alteration in original) (quoting *Lea v. Commonwealth*, 16 Va. App. 300, 304 (1993)). When the trier of fact has resolved credibility issues in favor of the Commonwealth, we will not disturb those findings on appeal "unless plainly wrong." *Towler v. Commonwealth*, 59 Va. App. 284, 291 (2011) (quoting *Corvin v. Commonwealth*, 13 Va. App. 296, 299 (1991)). "[T]his [C]ourt will not seek to pass upon the credibility of the witnesses where their evidence is not inherently incredible." *Gerald v. Commonwealth*, 295 Va. 469, 486 (2018) (alterations in original) (quoting *Rogers v. Commonwealth*, 183 Va. 190, 201-02 (1944)). "Evidence is not 'incredible' unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

---

[4] We conclude that appellant preserved his challenge to the sufficiency of the evidence on credibility grounds by asserting in closing argument that Nancy's testimony was not credible and urging the trial court to adopt his account. Citing *Dickerson v. Commonwealth*, 58 Va. App. 351 (2011), the Commonwealth contends that appellant failed to preserve his sufficiency argument below because he raised it only in a closing argument that focused on the trial court's role as fact finder, as opposed to the legal sufficiency of the evidence. Rule 5A:18 was amended after *Dickerson* was decided; unlike the version of 5A:18 in effect when *Dickerson* was decided, the version in effect when appellant was tried required appellant only to state his objection "with reasonable certainty." Rule 5A:18. We therefore conclude that appellant's closing argument, in which he challenged the credibility of Nancy's testimony, was stated with sufficient certainty to preserve his sufficiency argument on appeal.

"[T]he Commonwealth is 'not required to exclude every possibility' of the defendant's innocence but, rather, 'only . . . hypotheses of innocence that flow from the evidence.'" *Rams v. Commonwealth*, 70 Va. App. 12, 28 (2019) (second alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)). This "reasonable-hypothesis principle," however, "is not a discrete rule unto itself" and "does not add to the burden of proof placed upon the Commonwealth in a criminal case." *Vasquez*, 291 Va. at 249-50 (quoting *Commonwealth v. Hudson*, 265 Va. 505, 513 (2003)). The Commonwealth need not "negate what 'could have been' or what was a 'possibility.'" *Nelson v. Commonwealth*, 281 Va. 212, 217-18 (2011). Thus, while "a factfinder cannot 'arbitrarily' choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant," an arbitrary choice occurs "only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one." *Vasquez*, 291 Va. at 250. "When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Id.* (quoting *Hudson*, 265 Va. at 513).

Here, Nancy testified that appellant followed her into her room, "object[ed] to the eviction," "stepped toward" her, and struck her left cheek and jaw. Neither Nancy's bias against appellant nor her claim that she locked her bedroom door behind her negates an essential element of the offense or renders her testimony inherently incredible as a matter of law. "[T]he mere fact that a witness' testimony may have been impeached does not necessarily render the testimony inherently incredible." *Ray v. Commonwealth*, 74 Va. App. 291, 306 (2022). Indeed, "evidence with some element of untrustworthiness is customary grist for the [fact finder's] mill." *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977). Any impeachment of Nancy's testimony was "appropriately weighed as part of the entire issue of witness credibility, which is left to the [fact

finder] to determine." *Juniper*, 271 Va. at 415. In addition, the trial court was permitted to reject appellant's self-serving testimony that Stacy Tichenor assaulted Nancy and to conclude that he was lying to conceal his guilt. *See Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." (quoting *Marable v. Commonwealth*, 27 Va. App. 505, 509-10 (1998))). Accordingly, from the above circumstances, a rational fact finder could conclude that appellant was angered by Nancy's announcement and struck her in the face during an altercation. Thus, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that appellant was guilty of assault and battery.

### B. Failure to Appear

Appellant contends that the evidence was insufficient to prove that he willfully failed to appear for his August 19, 2021 trial date. He asserts that nothing in the written statement of facts establishes that he had notice of the trial date, and he testified that he was unaware of the trial date. Further, appellant cites his appearance on the rescheduled October 14, 2021 trial date as evidence that "he was not absconding or trying to avoid the trial process."

The record does not demonstrate that appellant ever challenged the sufficiency of the evidence with regard to his failure to appear charge, either through a motion to strike, closing argument, or a motion to set aside the verdict. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "One of the tenets of Virginia's jurisprudence is that trial counsel must timely object with sufficient specificity to an alleged error at trial to preserve that error for appellate review." *Perry v. Commonwealth*, 58 Va. App. 655, 666 (2011). "Specificity and timeliness undergird the

- 6 -

contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

"To preserve an argument concerning the sufficiency of the evidence in a bench trial, a defendant 'must make a motion to strike at the conclusion of all the evidence, present an appropriate argument in summation, or make a motion to set aside the verdict.'" *Taylor v. Commonwealth*, 58 Va. App. 185, 189 (2011) (quoting *Howard v. Commonwealth*, 21 Va. App. 473, 478 (1995)). "[T]he failure to object to the sufficiency of all the evidence is a waiver of that issue just as if the defendant 'failed to object to any other matter at trial.'" *Murrillo-Rodriguez v. Commonwealth*, 279 Va. 64, 80 (2010) (quoting *White v. Commonwealth*, 3 Va. App. 231, 233 (1986)). "Sufficiency arguments not properly preserved are waived on appeal." *Taylor*, 58 Va. App. at 189.

The record demonstrates that appellant failed to preserve his sufficiency argument on his failure to appear conviction for appellate review. Nevertheless, he asks that we reverse his conviction "to meet the ends of justice." "The 'ends of justice' exception to Rule 5A:18 is 'narrow and is to be used sparingly.'" *Melick v. Commonwealth*, 69 Va. App. 122, 146 (2018) (quoting *Pearce v. Commonwealth*, 53 Va. App. 113, 123 (2008)). Whether to apply the ends of justice exception involves two questions: "(1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). "The burden of establishing a manifest injustice is a

heavy one, and it rests with the appellant." *Holt v. Commonwealth*, 66 Va. App. 199, 210 (2016) (en banc) (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

"[T]o invoke the ends of justice exception when sufficiency of the evidence has been raised for the first time on appeal, an appellant must do more than show that the Commonwealth *failed* to prove an element or elements of the offense." *Redman v. Commonwealth*, 25 Va. App. 215, 221 (1997). "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546 (2013) (quoting *Alford v. Commonwealth*, 56 Va. App. 706, 710 (2010)). Instead, to demonstrate that a miscarriage of justice has occurred, an "appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Redman*, 25 Va. App. at 222.

Here, appellant argues only that the evidence failed to demonstrate that he willfully failed to appear for his August 19, 2021 trial date. That argument is merely an attempt to demonstrate that "the Commonwealth *failed* to prove an element . . . of the offense" and is, therefore, legally insufficient to satisfy the ends of justice exception to a sufficiency argument that is raised for the first time on appeal. *Id.* at 221. Accordingly, the ends of justice exception does not apply, and Rule 5A:18 bars consideration of appellant's argument.

CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

*Affirmed.*