COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, White and Retired Judge Frank*

WILLIAM DANIEL JACKSON

v.     Record No. 1185-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
APRIL 4, 2023

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

(M. Kevin Bailey; M. Kevin Bailey, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; William K. Hamilton, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Campbell County Circuit Court convicted William Daniel

Jackson of malicious wounding and obstruction of justice. On appeal, Jackson argues the evidence

was insufficient to prove malice and his "intent to maim, disfigure, disable, or kill" the victim.[1]

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* Retired Judge Frank took part in the consideration of this case by designation pursuant to
Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Jackson included an assignment of error challenging his conviction for obstruction of
justice but abandoned that argument on brief. Given the waiver, we do not address his
assignment of error regarding the obstruction of justice conviction. *See* Rule 5A:20(e) (requiring
argument and authorities); *Jay v. Commonwealth*, 275 Va. 510 (2008).

BACKGROUND

On October 29, 2021, Edith Cardwell arrived home to find Jackson, her former boyfriend, standing in her yard. After she took Jackson to run errands at his request, he spent approximately an hour outside before entering Cardwell's home. Smelling of alcohol, Jackson asked Cardwell to marry him. Cardwell told Jackson to "get on out of [her] way" and walked to her kitchen. The next thing Cardwell knew, she was "laying on the floor," felt "pressure like [Jackson] was stepping on [her] shoulder," and saw him "standing over top of" her "with [a] pipe in his hand." The pipe had been used as a doorstop in Cardwell's home. Cardwell "felt a warm sensation" and found blood when she touched the back of her head. She told Jackson, "I know you did not hit me with that pipe. I ain't done nothing. I ain't done nothing." Jackson denied hitting her. Cardwell then tended to her wound and went to her bedroom to call 911.

Campbell County Sheriff's Deputies arrived and, following a scuffle with Jackson, recovered a bloody metal pipe from Cardwell's home. Cardwell was transported to the hospital by ambulance, where she received x-rays to her shoulder and back and "three or four" stitches to her head.

After the conclusion of the Commonwealth's evidence at trial, Jackson moved to strike the malicious wounding charge because of "inconsistencies" in Cardwell's statements to the officer on the scene and her testimony at trial. The circuit court denied Jackson's motion to strike, and then Jackson testified. Jackson averred that Cardwell was jealous over Jackson's earlier interactions with a young woman and had threatened him with a pair of scissors. Jackson denied hitting Cardwell with the pipe, or even picking up the pipe. He indicated that he "didn't know [Cardwell] was injured" and that "it could have been ketchup" on her head and neck.

At closing argument, defense counsel stated, "I think if the Court finds that the Defendant struck Ms. Cardwell in the head with this object, I think the other elements are there for malicious

wounding. It comes down to whether he did or didn't do it." Defense counsel again asserted that Cardwell had been inconsistent in some of her statements and argued that the case "comes down to credibility" of the testimony as between Cardwell and Jackson.

Having heard all the evidence, the circuit court noted that although "Cardwell had some inconsistencies" in her testimony, she had been consistent about the main issue in the case, that Jackson "hit her with this pipe" and that her injuries corroborated her account. To credit Jackson's testimony, the circuit court indicated, it would have to find that Cardwell inflicted the injuries to herself. After viewing Jackson on the stand, and considering "the way he testified" and his criminal record, the circuit court "did not find [Jackson] credible on the issue whether there was a malicious wounding." Jackson timely appealed.

ANALYSIS

Jackson argues on appeal that the evidence was insufficient to support a conviction of malicious wounding because "malice cannot be inferred from the Commonwealth's evidence presented at trial." He also argues that the evidence was insufficient to prove that he "had the intent to maim, disfigure, disable, or kill the alleged victim."

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." The Rule "requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). A defendant's failure to object to the sufficiency of the evidence "is a waiver of that issue just as if the defendant 'failed to object to

any other matter at trial.'" *Murrillo-Rodriguez v. Commonwealth*, 279 Va. 64, 80 (2010) (quoting *White v. Commonwealth*, 3 Va. App. 231, 233 (1986)).

At trial, Jackson argued that the victim-witness, Cardwell, was not a credible witness because of some inconsistencies in her statements. He conceded that if the circuit court found that Jackson was the perpetrator, then the Commonwealth had established the elements of malicious wounding; but, he argued that the Commonwealth did not adequately prove Jackson was the perpetrator because the Commonwealth's witness lacked credibility. Jackson did *not* argue at trial that the Commonwealth failed to prove the malicious wounding elements of malice and intent. Argument at trial regarding witness credibility and challenging the sufficiency of the evidence to prove identity does not preserve for appeal argument regarding the sufficiency of the evidence to prove malice and intent. Therefore, Jackson's assignments of error are defaulted pursuant to Rule 5A:18.

## CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed.*